1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| PHILIP SMITH,<br><br>             Plaintiff,<br><br>     v.<br><br>COUPANG INC. and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. 23-1887<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. Retaliation in Violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, *et seq.*<br>2. Retaliation in Violation of California Labor Code § 1102.5<br>3. Wrongful Termination in Violation of Public Policy Under California Common Law<br>4. Wrongful Termination in Violation of Public Policy Under Washington Common Law |

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1

**INTRODUCTION**

2       Plaintiff Philip Smith ("Plaintiff" or "Mr. Smith") brings this action against his former

3   employer, Coupang, Inc. ("Coupang" or "Defendant"), as well as Does 1 through 10, for unlawful

4   whistleblower retaliation in violation of the federal Sarbanes-Oxley Act and California Labor

5   Code Section 1102.5, and wrongful termination in violation of California or alternatively

6   Washington common law.  By and through undersigned counsel, Plaintiff alleges upon personal

7   knowledge or information and belief as noted herein, as follows:

8                                  **THE PARTIES**

9       1.      Plaintiff Smith is a resident of the State of New York. At all relevant times,

10  Plaintiff was an employee within the meaning of the Sarbanes Oxley Act, 18 U.S.C. § 1514A, as

11  well as under California law, including Labor Code section 1102.5, and Washington common

12  law. At all relevant times, Plaintiff worked in the offices of Defendant's wholly owned

13  subsidiary, Coupang, Corp., in Seoul, Korea.

14      2.      Defendant Coupang, Inc. (formerly Coupang LLC, prior to initial public offering

15  in March of 2021) is a Delaware Corporation with its headquarters and principal executive office

16  in Seattle, Washington. Coupang is an e-commerce retailer with operations in the United States

17  (including offices in the State of California) and upon information and belief, also operating

18  through its wholly owned subsidiary Coupang, Corp. in Seoul, Korea, Japan, Taiwan, Singapore

19  and China.  At all relevant times, Coupang, Inc. has been a publicly traded company with

20  securities registered under section 12(g) of the Securities Exchange Act of 1934.

21      3.      The true names and capacities, whether individual, corporate, agent,

22  representative, or otherwise of defendants named herein as Does 1 through 10, inclusive, are

23  unknown to Plaintiff at this time, who therefore sues these defendants by fictitious names.

24  Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities

25  once that information has been ascertained. On information and belief, and based on such

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 2 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

information and belief, Plaintiff alleges that each of the fictitiously named defendants is responsible in some manner, way or form and to some extent for acts, events and occurrences alleged in this complaint. Wherever appearing in this complaint, each and every reference to "Defendants" is intended to be and shall be a reference to all defendants in this action, and each of them, including but not limited to all fictitiously named defendants.

## JURISDICTION

4.     This court has federal question jurisdiction based on 28 U.S.C. § 1331, and the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, *et seq*. The first claim for relief arises directly under federal law.

5.     This court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.

6.     Defendant Coupang, Inc. is a Delaware corporation with U.S. headquarters in Seattle, Washington.  Upon information and belief, many of the decisions/acts complained of and giving rise to the claims alleged occurred in and emanated from Coupang's headquarters in Seattle. Accordingly, this Court has personal jurisdiction over Defendant Coupang.

7.     This court has supplemental jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367.  This court has original jurisdiction over this matter. Defendant Coupang, Inc. is registered to do business and has a designated agent for service of process in California.  It has offices located at 605 Fairchild Drive, Mountain View, CA 94043. Defendant Coupang, Inc. (via the former entity, Coupang LLC) and Plaintiff Philip Smith entered into an employment agreement related to his employment in Seoul, Korea on December 2, 2020, that contains a provision stipulating that California law governs the contract.

## VENUE

8.     Venue is proper under 28 USC §§ 1391(b)(1) and (b)(3) since Defendant Coupang, Inc. is headquartered in Seattle Washington.

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 3 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9.      Plaintiff has exhausted all administrative remedies required to file this complaint. On July 15, 2022, Mr. Smith timely filed a Sarbanes-Oxley retaliation complaint with the United States Department of Labor's Occupational Safety and Health Administration (OSHA). On November 8, 2022, OSHA erroneously found that Mr. Smith's complaint was untimely, and in its ruling, did not address any of the underlying substantive claims. On December 7, 2022, Plaintiff timely appealed OSHA's findings. The Department of Labor has not issued a final decision on Plaintiff's OSHA complaint within 180 days of its filing. Accordingly, Plaintiff may bring this lawsuit in federal court pursuant to 18 U.S.C. § 1514A(b)(1)(B).  (See Exhibits A-1, and A-2, "Kick Out" emails to United States Department of Labor and OSHA.)

**FACTUAL ALLEGATIONS**

10.      Plaintiff Philip Smith is a highly qualified and experienced corporate compliance attorney who moved his young family from the Netherlands to South Korea to take a role as a Senior Director and Head of Anti-Money Laundering Compliance at Coupang, LLC. Coupang suspended Mr. Smith in September 2021 shortly after he blew the whistle on Coupang's violations of U.S. and Korean law, including repeat failures to disclose Coupang's prohibited transactions with the Iranian Government to the Securities and Exchange Commission (SEC) in violation of the U.S. Securities Exchange Act.  Then, in January 2022, Coupang terminated Mr. Smith mere weeks before he was set to vest in a substantial portion of equity that he had been granted as part of his employment compensation package.

11.      Mr. Smith possesses superlative academic credentials and professional experience. He is a 2011 graduate of the University of Michigan School of Law, an attorney barred in the State of New York, and an expert in financial crime compliance. Mr. Smith has been practicing law since 2012 and has specialized in financial crime compliance, including anti-money-laundering (the U.S. Bank Secrecy Act), anti-corruption and anti-bribery (the U.S. Foreign

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 4 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Corrupt Practices Act), economic sanctions and export controls for over a decade as a practicing attorney and longer, including the time before he became an attorney.

12.     Coupang recruited Mr. Smith to serve as its Senior Director and Head of Anti-Money Laundering Compliance, a position he started on February 1, 2021. At the time, Mr. Smith lived and worked in Amsterdam, the Netherlands and in accepting Coupang's offer of employment, had to commit to move his entire family to Korea.

13.     On December 2, 2020, Mr. Smith and Coupang entered into an employment agreement that contains a governing law clause that provides for the application of California law.

14.     Beginning February 1, 2021, Mr. Smith worked for Coupang remotely from Amsterdam, and relocated his family –including his young child -- to South Korea on or around April 16, 2021[1].  Mr. Smith earned a base salary of $250,000 per year, received a substantial initial equity grant, set to vest over 4 years, and was eligible for merit bonuses and additional grants of equity.  The long-term vesting schedule was intended to encourage Mr. Smith to remain with Coupang over the long term.

15.     Pursuant to discussions had before Mr. Smith was hired, Coupang initially assigned Mr. Smith to Coupang's Legal Department, but in the first week of May 2021, Mr. Smith and several other colleagues were transferred to the Compliance Department, headed by Coupang's new Chief Compliance Officer Ankit Dewan, who is not an attorney. Mr. Dewan and Mr. Smith had a strong working relationship at the outset.

16.     As a Senior Compliance Director, Mr. Smith was charged with overseeing Coupang's anti-money laundering, sanctions, and financial crime compliance efforts. He directly supervised Coupang's Head of Sanctions, Chagri Poyraz.

---

[1] Mr. Smith took the role, in large part, for family reasons. He and his wife sought to live closer to his wife's family in South Korea. Mr. Smith's wife even left a well-paid role at a prestigious law firm to facilitate the move, and they hoped to stay for many years.

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 5 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

17.     In mid-May 2021, with Mr. Dewan's knowledge, Mr. Smith began a review of Coupang's financial crime risks. In his review, Mr. Smith identified numerous violations of U.S. and Korean laws, including over 100 transactions Coupang had engaged in with the Iranian Embassy for the benefit of the Iranian Government in violation of U.S. prohibitions against transactions with the Iranian Government under the Iranian Transactions and Sanctions Regulations, 31 C.F.R., Part 560.

18.     Specifically, the Iranian Transactions and Sanctions Regulations prohibit U.S. domestic and foreign corporations from engaging in transactions with the Iranian Government. 31 C.F.R., Part 560. Under Section 13(r) of the Securities Exchange Act of 1934, U.S. domestic and foreign companies are required to disclose contracts, transactions, and other "dealings" with Iranian entities to the Securities and Exchange Commission. 15 U.S.C. § 78m(r). Given the potential consequence of failing to properly report blatant violations of sanctions laws against Iran (that had been imposed in part because of Iran's harboring of terrorist organizations, authoritarian government, taking of American hostages and human rights abuses, leading it to be officially considered by the United States to be a State Sponsor of Terrorism), Mr. Smith reasonably believed, and indeed, was confident that Coupang's transactions with the Iranian Government violated 31 C.F.R. Part 560, and moreover, that its failure to disclose these transactions violated Section 13(r) of the Securities Exchange Act.  He felt that he should do everything in his power to assure that the violations were properly disclosed to the United States government by Coupang.

19.     At various times in June and July 2021, Mr. Smith internally reported these and other legal violations to Mr. Dewan and sought additional staffing to manage and mitigate these risks to Coupang. However, Mr. Dewan failed to take Mr. Smith's concerns seriously and rejected Mr. Smith's request for additional resources to manage the identified risks, even though Coupang had previously represented that Mr. Smith could hire a full-time staff member to support

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 6 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

work of this nature. To the contrary and as part of an intentional effort to ignore them, Mr. Dewan second-guessed Mr. Smith's concerns, accused him of exaggerating, and discouraged him (both verbally and in writing) from reporting these violations to Coupang's senior management or government authorities.

20.     Distressed at the response he was getting regarding what he viewed as urgent legal compliance issues, Mr. Smith sought advice regarding his risk review from an international law firm with specific experience in the area.  Thereafter, Mr. Smith's assessment regarding the violations did not change, nor did his opinion that Coupang should immediately halt, and review, its transactions with the Iranian Embassy, and report the transactions to U.S. government authorities, as Mr. Smith had previously advised Mr. Dewan. Instead of following Mr. Smith's advice, Mr. Dewan sought to quash it by seeking advice from a friend with a small law firm in Texas, which had comparably little experience with the prohibited transactions at issue and was dwarfed in terms of reputation and relevant experience by the international firm from whom Mr. Smith had sought advice.  Upon information and belief, the Texas law firm advised Mr. Dewan that reporting was unnecessary. Concerned about the adequacy of the Texas firm's opinion, Mr. Smith urged Mr. Dewan and Coupang to solicit yet another opinion from another international firm with appropriately specialized experience. Thereafter, Mr. Smith's reasonable belief regarding the illegality of the transactions and the need to report them remained unchanged.

21.     Despite Mr. Dewan's robust attempts to dissuade Mr. Smith from reporting these violations to Coupang's senior management, let alone government authorities, Mr. Smith felt obliged to raise, and did raise, these issues with Coupang's Chief Accounting Officer and Assistant Corporate Secretary. Mr. Smith's efforts forced Coupang to disclose the illegal activities to the U.S. Treasury and in a quarterly filing with the United States Securities & Exchange Commission.  *See* Quarterly Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, dated November 2021 at

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 7 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

https://www.sec.gov/ix?doc=/Archives/edgar/data/0001834584/000183458421000054/cpng-20210930.htm

22.     After Mr. Smith defied Mr. Dewan's directive to suppress the prohibited transactions issues by seeking counsel, escalating his concerns to Coupang's senior management, and refusing to collude with Mr. Dewan to violate Section 13(r) of the U.S. Securities Exchange Act, Mr. Dewan began a swift campaign of retaliation against Mr. Smith, including harassment and unwarranted reprimands.  Dewan and/or other Coupang agents instigated a bogus investigation of Mr. Smith's performance and in September of 2021 forced him to take an administrative leave of absence while simultaneously, attempting to convince Mr. Smith to agree to a separation of employment.  Mr. Smith was never brought back from leave and in January of 2022, Mr. Smith was terminated.

23.     Immediately after he reported the violations in Summer 2021, Mr. Dewan used disappearing messages on the "Signal" application to repeatedly chastise, reprimand and otherwise harass Mr. Smith. Mr. Dewan also reprimanded Mr. Smith and his direct report Chagri Poyraz, the Head of Sanctions, making unfounded and untrue negative allegations about Mr. Smith via email and about his performance and conduct, almost always unrelated to his role and responsibilities.  Mr. Dewan also subjected Mr. Poyraz to similar treatment.

24.     In early August 2021, in response to this blatant and egregious retaliation - which Mr. Smith suspected might escalate - Mr. Smith drafted a memorandum to the file which memorialized his reports of Coupang's violations of U.S. and Korean law, as well as Mr. Dewan's retaliatory harassment. Mr. Smith let Mr. Dewan know verbally that he was doing so, and in response, Mr. Dewan rebuked Mr. Smith via e-mail for "document[ing] everything."

25.     Around this time, Mr. Dewan and Coupang excluded Mr. Smith from further internal Coupang e-mail threads and conversations regarding the Iran Embassy transactions issue.

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 8 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

26.     On September 3, 2021 – just one working day before Mr. Smith was to receive his first formal performance evaluation -- Coupang abruptly forced Mr. Smith on an administrative leave and cut him off from all Company resources by confiscating his work laptop. Mr. Smith was given no clear information about the future of his employment or about why he was being placed on leave.

27.     On or around September 9, 2021, while Mr. Smith was at home on leave, not knowing anything about the status of his employment and experiencing significant emotional distress, Coupang sent Mr. Smith a separation agreement, which included a condition that he resign from his position by December 31, 2021.

28.     Mr. Smith refused to resign and instead, retained Korean legal counsel, who wrote to Coupang on September 14, 2021, outlining Mr. Smith's corporate whistleblower reports and setting forth his complaints of whistleblower retaliation.

29.     REDACTED

30.     On January 18, 2022, after keeping Mr. Smith on administrative leave for over three months, Coupang terminated Mr. Smith's employment by letter, specifically informing him that "pursuant to Paragraph a(i) of Article 4 ('Term and Termination') of an employment agreement entered into by and between you and Coupang, LLC. as of December 2, 2020 (the 'Employment Agreement'), the Employment Agreement will be validly terminated as of January 18, 2022 (the "Termination Date") by paying sixty (60) days' base salary." Notably, Coupang opted not to terminate Mr. Smith "for cause" under his employment agreement, which included a broad definition of "cause," including "any act or omission by Employee that is detrimental to the

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 9 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

conduct of the business of Coupang" and "any other causes recognized by…the rules and policies of Coupang." However, Coupang terminated Mr. Smith only two weeks before he was scheduled to vest in a substantial portion of his initial equity grant of 25,000 Restricted Equity Units.

31.     Mr. Smith performed competently in his role during his tenure. Mr. Dewan lauded Mr. Smith in writing as Coupang's expert in financial crime as late as the summer of 2021, and Mr. Smith had numerous recognized successes during his tenure at Coupang. Additionally, Mr. Smith had very strong relationships inside and outside Coupang and an impeccable reputation. In fact, after his abrupt suspension in the Fall, several Coupang vendors reached out to Mr. Smith to inquire about his well-being, a Coupang Human Resources staffer expressed surprise over his suspension because "everyone loves working with [him] and [he has] a great reputation," and a Korean attorney for Coupang noted that Mr. Smith had been "one of the few popular senior managers."  Thus Mr. Smith cannot have been fired for any non-retaliatory, legitimate business reason.

32.     Coupang's treatment of Mr. Smith caused him severe emotional distress in that he and his family had no information about his employment or their ability to remain in Korea, after very recently having moved there so Mr. Smith could accept his job at Coupang. His termination in January of 2022 completely unended Mr. Smith' and his family's lives, forcing them to move back to the United States in order to find comparable work.

33.     Mr. Smith has sustained substantial damages, including back and front pay, emotional distress, and punitive damages, as a result of Defendants' decision to unlawfully terminate him for his whistleblower activity.

## FIRST CAUSE OF ACTION
### (Violation of Sarbanes-Oxley (18 U.S.C. § 1514A))
### (Against All Defendants)

34.     Plaintiff incorporates the preceding paragraphs as alleged above.

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 10 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

35.     Plaintiff was an employee, and Defendants are employers, within the meaning of the Sarbanes-Oxley Act of 2002, Public Law 107-204, 18 U.S.C. section 1514A, *et seq*.

36.     Plaintiff engaged in activity that is legally-protected under the Sarbanes-Oxley Act by, *inter alia*, reporting or disclosing to his supervisors or individuals with authority to investigate/remedy the following concerns which he reasonably and in good faith believed violated the law as detailed above including, without limitation and merely by way of example, Coupang's engaging in and failing to report transactions with the Iranian Government in violation of Iranian Transactions and Sanctions Regulations, 31 C.F.R. Part 560, and Section 13(r) of the Securities Exchange Act.

37.     Plaintiff's protected activities as detailed herein were a contributing factor to Defendants' decision to take adverse actions against Mr. Smith as set forth in Paragraphs 21-33 herein.

38.     As a proximate result of the foregoing retaliatory actions, Mr. Smith has been damaged (economically and otherwise) and seeks all appropriate relief available under the whistleblower retaliation provisions of the Sarbanes-Oxley Act of 2002, including but not limited to full compensatory relief and all other necessary make-whole relief in an amount according to proof.

39.     Moreover, Plaintiff has been forced to and has incurred attorney's fees and costs to prosecute this action, which Plaintiff seeks to recover on this claim.

## SECOND CAUSE OF ACTION
### (Whistleblower Retaliation in Violation of California Labor Code Section 1102.5)
### (Against All Defendants)

40.     Plaintiff incorporates the preceding paragraphs as alleged above.

41.     During his employment, Plaintiff engaged in activities protected under California Labor Code section 1102.5 as set forth herein. For example, without limitation and merely by way of example, among other things, Plaintiff engaged in activity that is legally-protected by,

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 11 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

*inter alia*, reporting or disclosing to his supervisors or individuals with authority to investigate/remedy concerns which he reasonably and in good faith believed violated the law as detailed above including, without limitation and merely by way of example, Coupang's engaging in and failuring to report transactions with the Iranian Government in violation of Iranian Transactions and Sanctions Regulations, 31 C.F.R. Part 560, and Section 13(r) of the Securities Exchange Act.

42.     Plaintiff's conduct constituted a disclosure of and/or opposition to conduct that Plaintiff had reasonable cause to believe disclosed a violation of state, local and/or federal laws, rules, or regulations. Plaintiff made such disclosures to person(s) with authority over Plaintiff or other employee(s) who had the authority to investigate, discover, or correct the violation or non-compliance. Plaintiff also refused to engage in activity that was illegal (e.g., Mr. Dewan's efforts to cover up and not disclose transactions between Defendants and the Iranian Government). Upon information and belief, Defendants also perceived, feared and/or believed that Plaintiff might make protected disclosures in the future. Plaintiff's conduct was thus protected under section California Labor Code section 1102.5.

43.     Defendants took adverse action against Plaintiff as detailed herein. Plaintiff's protected activities, refusals and/or opposition were a contributing factor to Defendants' decision to take those adverse actions against Plaintiff.

44.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has suffered and will suffer harm for which Plaintiff is entitled to general and special damages and all appropriate compensatory relief. Defendants' conduct was a substantial factor in causing that harm.

45.     Plaintiff has been forced to and has incurred attorney's fees and costs to prosecute this action, which Plaintiff seeks to recover on this claim.

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 12 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

46.     Defendants' conduct as described herein was authorized, condoned, perpetrated and/or ratified by a managing agent or officer of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

### THIRD CAUSE OF ACTION
**(Wrongful Termination in Violation of Public Policy (California Common Law))**
**(Against All Defendants)**

47.     Plaintiff incorporates the preceding paragraphs as alleged above.

48.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. Thus, when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions.

49.     The above-described conduct of Defendants constitutes wrongful termination of Plaintiff in violation of public policy. It is against the public policy of the State of California for an employer to terminate an employee because he reports within Coupang that Coupang may be engaged in an unlawful activity or conduct that he reasonably believes to constitute unlawful activity.

50.     As set forth herein, Defendants' actions were wrongful and in violation of fundamental public policies of the State of California and the United States of America, as reflected in the laws, objectives, and policies including, without limitation and merely by way of example: 18 U.S.C. § 1514A and California Labor Code § 1102.5. Plaintiff expressly reserves the right to rely on and assert other statutes that embody these same or similar public policies as the basis for this claim.

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 13 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

51.     Plaintiff disclosed information regarding what he reasonably believed to be Defendants' unlawful practices to persons with authority over Plaintiff and other employees of Defendants.

52.     Defendants had direct knowledge of Plaintiff's complaints of Defendants' unlawful activities.

53.     Defendants discharged Plaintiff in retaliation for his complaints of Defendants' unlawful activities.

54.     Plaintiff's termination was wrongful and against the public policy of the State of California. As a direct and proximate result of the Defendants' wrongful termination of Plaintiff, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of earnings and other employment benefits, and the intangible loss of employment-related opportunities, all in an amount subject to proof at the time of trial.

55.     As a further direct and proximate result of the Defendants' wrongful termination of Plaintiff, Plaintiff suffered and continues to suffer, humiliation, mental anguish, and emotional and physical distress, all in an amount subject to proof at the time of trial.

56.     As a further direct and proximate result of the foregoing conduct, Plaintiff has incurred attorneys' fees and costs in an amount according to proof.

57.     Defendants' conduct as described herein was authorized, condoned, perpetrated and/or ratified by a managing agent or officer of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

## FOURTH CAUSE OF ACTION
### (Alternatively, Wrongful Termination in Violation of Public Policy
### (Washington Common Law))
### (Against All Defendants)

58.     Plaintiff incorporates the preceding paragraphs as alleged above.

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 14 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

59.     Washington common law recognizes a tort of wrongful termination in violation of a public policy. Specifically, under Washington common law, it is against the public policy to terminate an employee for refusing to commit an act reasonably believed to be illegal or in retaliation for reporting employer misconduct.

60.     The above-described conduct of Defendants, in terminating Plaintiff because he reported that Coupang may be engaged in an unlawful activity or conduct that he reasonably believes to constitute unlawful activity, constitutes wrongful termination of Plaintiff in violation of Washington public policy.

61.     Plaintiff disclosed information regarding what he reasonably believed to be Defendants' unlawful practices to persons with authority over Plaintiff and other employees of Defendants.

62.     Defendants had direct knowledge of Plaintiff's complaints of Defendants' unlawful activities.

63.     Defendants discharged Plaintiff in retaliation for his complaints of Defendants' unlawful activities.

64.     Plaintiff's termination was wrongful and against the public policy of the State of Washington. As a direct and proximate result of the Defendants' wrongful termination of Plaintiff, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of earnings and other employment benefits, and the intangible loss of employment-related opportunities, all in an amount subject to proof at the time of trial.

65.     As a further direct and proximate result of the Defendants' wrongful termination of Plaintiff, Plaintiff suffered and continues to suffer, humiliation, mental anguish, and emotional and physical distress, all in an amount subject to proof at the time of trial.

66.     As a further direct and proximate result of the foregoing conduct, Plaintiff has incurred attorneys' fees and costs in an amount according to proof.

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 15 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

67.     Defendants' conduct as described herein was authorized, condoned, perpetrated and/or ratified by a managing agent or officer of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1.     General and special damages, according to proof;

2.     Loss of earnings and compensation, including equity compensation and vesting according to proof;

3.     Restitution of all monies due to Plaintiff;

4.     Punitive damages on the Second and Third Causes of Action, in an amount sufficient to punish Defendants, make an example of them, and deter future unlawful conduct;

5.     Pre-judgment interest;

6.     Costs of suit including, and expenses incurred herein;

7.     Reasonable attorneys' fees pursuant to 18 U.S.C. § 1514A(c)(2), California Labor Code § 1102.5(j), and California Code of Civil Procedure § 1021.5.

8.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself, respectfully demands a trial by jury.

COMPLAINT FOR DAMAGES
Case No. 23-1887
Page 16 of 17

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1

2    Dated:    December 8, 2023            Respectfully submitted,

3                                          OUTTEN & GOLDEN LLP

4

5                                          By: /s/ Cassandra Lenning
                                           Cassandra Lenning (WSBA #54336)
6                                          Jennifer Schwartz*
7                                          **OUTTEN & GOLDEN LLP**
                                           One California Street, Suite 1250
8                                          San Francisco, CA 94111
                                           Email: clenning@outtengolden.com
9                                          Email: jschwartz@outtengolden.com
                                           Telephone: (415) 638-8800
10

11                                         Michael C. Subit (WSBA #29189)
                                           **FRANK FREED SUBIT & THOMAS LLP**
12                                         705 Second Avenue, Suite 1200
                                           Seattle, WA 98104
13                                         Email: msubit@frankfreed.com
                                           Telephone: (206) 682-6177
14

15                                         *pro hac vice applications forthcoming*

16                                         *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

# Exhibit A-1

**Olson, Sara**

| | |
|---|---|
| **From:** | Lenning, Cassandra |
| **Sent:** | Friday, November 10, 2023 8:39 AM |
| **To:** | Rodriguez.Christian.G@dol.gov |
| **Cc:** | Schwartz, Jenny; Dhaliwal, Pawanpreet |
| **Subject:** | Smith v. Coupang: OSHA Case No.: 301001311; OALJ Case No: 2024-SOX-00002 |

Dear Mr. Rodriguez,

Myself, along with my colleagues, Jenny Schwartz and Pawanpreet Dhaliwal, represent Philip Edward Smith with respect to the above-referenced case against Coupang, LLC.

Our firm filed a complaint with OSHA on behalf of Mr. Smith on July 15, 2022. On November 8, 2022, OSHA dismissed the complaint as untimely filed. We appealed this dismissal and the Office of Administrative Law Judges docketed the case on December 7, 2022 (although we were not notified of the appeal being docketed until October 20, 2023 due to a miscommunication among OALJ staff).

As a final decision has not been issued in this matter, pursuant to 29 CFR 1985.114(a)(2), we would like to exercise our right to kick out the complaint and file in federal court. It is our understanding that upon notifying you of our intention to kick you, we should receive a confirmation from letter regarding our intent, and you also will notify opposing counsel. We further understand that we will then have 30 days to file in federal court, and pursuant to 29 CFR 1985.114(d), we will provide you a copy of the complaint within 7 days after filing.  If there is any form we need to complete, or anything else we need to file or otherwise do to memorialize our intent to kick out, please let us know. Otherwise, please confirm our request to kick out and let us know when you have notified opposing counsel. Thank you.

Regards,

Cassandra



**Cassandra Lenning | Partner**
(w) 206-462-1771/202-847-4416
clenning@outtengolden.com
Licensed to practice in WA, CA, DC, & VA

*This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender immediately and delete the message and any attachments.*

# Exhibit A-2

| | |
|---|---|
| **From:** | Lenning, Cassandra |
| **Sent:** | Friday, November 10, 2023 8:39 AM |
| **To:** | Zavislan.Tessa.M@dol.gov |
| **Cc:** | Schwartz, Jenny; Dhaliwal, Pawanpreet |
| **Subject:** | Smith v. Coupang LLC, OALJ Case No: 2024-SOX-00002 |

Dear Ms. Zavislan,

Myself, along with my colleagues, Jenny Schwartz and Pawanpreet Dhaliwal, represent Philip Edward Smith with respect to the above-referenced case against Coupang, LLC.

Our firm filed OSHA Case No: 301001311 on behalf of Mr. Smith on July 15, 2022. On November 8, 2022, OSHA dismissed the complaint as untimely filed, and we appealed this dismissal. Your office docketed the above-reference case on December 7, 2022, although we were not notified of the appeal being docketed until October 20, 2023 (due to a miscommunication among OALJ staff).

As a final decision has not been issued in this matter, pursuant to 29 CFR 1985.114(a)(2), we have written to the OSHA investigator originally assigned to investigate Mr. Smith's complaint, informing him of our intention that to exercise our right to kick out the complaint and file in federal court. It is our understanding that the investigator will send us a confirmation from letter regarding our intent and also will notify opposing counsel. We further understand that we will then have 30 days to file in federal court, and pursuant to 29 CFR 1985.114(d), we will provide the investigator a copy of the complaint within 7 days after filing.

If there is any other or additional process with need to follow with respect to your office, please let us know. Thank you.

Regards,

Cassandra



**Cassandra Lenning | Partner**
(w) 206-462-1771/202-847-4416
clenning@outtengolden.com
Licensed to practice in WA, CA, DC, & VA

*This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender immediately and delete the message and any attachments.*