Hon. Richard A. Jones

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| PHILIP SMITH, | Case No. 23-1887 |
| Plaintiff, | **OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE AND MOTION TO STRIKE ARGUMENTS BASED ON NON-NOTICABLE, NON-INCORPORATED DOCUMENTS** |
| v. | |
| COUPANG INC. and DOES 1-10, inclusive, | |
| Defendants. | |

## INTRODUCTION

**I.    Summary of Defendants Requests and Plaintiff's Responses and Objections**

  A.    <u>Non-Existence of Iranian Embassy in the U.S.</u>

Plaintiff does not oppose the Court taking judicial notice of the fact that no Iranian Embassy was located in the United States at any time relevant to the claims and allegations in its complaint, and further that there has not been an Iranian embassy in the United States since the U.S. and Iran severed relations in April 1980.

  B.    <u>Employment Agreement with Attached Assignment Agreement; Termination Letter; Fact from Equity Incentive Plan</u>

Plaintiff does not oppose the Court's incorporation and review of the following

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 1 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

documents: (a) The Employment Agreement dated December 2, 2020, and attached Letter of

Assignment; and (b) the letter from James Roe to Plaintiff, dated January 18, 2022, terminating

the Employment and Assignment Agreements.  Nor does Plaintiff oppose judicial notice of the

fact that the Equity Incentive Plan defined "Company" as "Coupang, LLC" on March 11, 2021.[1]

C.   Facts Regarding Coupang, LLC's Conversion to Coupang, Inc. and Coupang
     Global, LLC

Plaintiff does not object to judicial notice of the fact that Coupang, LLC is the

predecessor entity of Defendant Coupang, Inc, and was a Delaware LLC until March 2021, when

it converted into a Delaware Corporation and changed its name to Coupang, Inc.

Plaintiff also does not object to judicial notice of the fact that Coupang Global, LLC

currently is a subsidiary of Coupang, Inc., but asks the Court to reject Defendant's argument in

its Motion that Plaintiff intentionally misled the Court by referring to Coupang LLC as Coupang

Global, LLC in several places in the AC.  *See* Mot. at n.2, 5, 7-8, 12-13, 17, 22.  As set forth in

Plaintiff's Motion for Leave to file a Corrected Amended Complaint (Dkt. 35), the misnaming

was an inadvertent oversight for which Plaintiff was not aware until Defendant filed its Motion.

These typographical errors could and should have been corrected with a Praecipe, had Defendant

not refused to stipulate to its filing.  (Defendant also could have avoided devoting portions of its

Motion on a straw-man argument based on a false premise if it had discussed this mistake with

Plaintiff prior to filing.)

Plaintiff does not object to judicial notice of the fact that Coupang Corp. is a wholly

owned subsidiary of Coupang, Inc. and a Korean Company.

---

[1] Plaintiff filed a Motion for Leave to file a Corrected Amended Complaint (Dkt. 35) to correct several instances where Plaintiff inadvertently referred to Coupang LLC as Coupang Global LLC, including with respect to the Equity Incentive Plan.  Although the Corrected Amended Complaint is not currently the operative pleading, Plaintiff urges the Court to consider it with respect to the six instances where Plaintiff seeks to change "Coupang Global LLC" to "Coupang LLC," to avoid confusion regarding the specific corporate entity and eliminate Defendant's moot argument.

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 2 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1

2

D.     Remaining "Facts" or Documents at Issue:

Plaintiff does object to judicial notice of the following: (1) the November 8, 2023,

3   Occupational Safety and Health Administration ("OSHA") preliminary Findings Letter (*see*

4   RFJN at 2); (2) that Coupang, Inc.'s "principal place of business" and its "headquarters" was in

5   Seoul, Korea, until August 2022 (*id.*); and (3) that Coupang, Inc. was not registered to do

6   business in the State of Washington until October 21, 2022 (*id.* at 3).

7

8   Plaintiff also objects to (4) Defendant's request that the Court incorporate by reference

9   the draft Mutual Separation Agreement, dated September 14, 2021, and (5) the letter written by

10  Plaintiff's Korean Counsel, dated September 14, 2021.  RFJN at 6.

**II.    Relevant Law Regarding Judicial Notice And Incorporation By Reference**

11

12  Generally, "a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (citations

13  omitted).  If a district court does consider evidence outside the pleadings, it must normally

14  convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the

15  nonmoving party an opportunity to respond.  *See* Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146

16  F.3d 699, 706 n.4 (9th Cir. 1998) (recognizing extremely limited circumstances (not relevant

17  here) where extrinsic evidence could be used as part of a 12(b)(6) motion).

18  There are two exceptions to these rules.  *See Lee v. City of Los Angeles*, 250 F.3d 668,

19  688 (9th Cir.2001).  First, the court may consider "material which is properly submitted as part

20  of the complaint," which means the documents are either "physically attached to the complaint,"

21  or the "complaint *necessarily* relies" on them *and* their authenticity is not contested.  *Id.*

22  (emphasis added).  A document not attached to a complaint may be incorporated by reference if

23  the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's

24  claim.  *Van Buskirk v. Cnn*, 284 F.3d 977, 980 (9th Cir. 2002).  The court may treat such

25

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 3 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1    document as part of the complaint, and thus assume its contents are true for purposes of a motion

2    to dismiss, only if the foregoing conditions are met.  *Branch*, 14 F.3d at 453-54.

3          Second, a court may judicially notice "matters of public record," without converting a

4    motion to dismiss into a motion for summary judgment.  Fed. R. Evid. 201; *Lee*, 250 F.3d at 689.

5    Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to

6    reasonable dispute," such that it is "generally known," or "can be accurately and readily

7    determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.

8    201(b)(1)-(2).  Just because the document itself is susceptible to judicial notice, however, does

9    not mean that every assertion of fact within that document is judicially noticeable for its truth.

10   *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  The court cannot take

11   judicial notice of disputed facts contained in such public records.  *Id*.

12         In *Khoja*, the Ninth Circuit found the district court should not have taken judicial notice

13   of an investors' call transcript and an agency report because Defendant sought to establish

14   disputed facts contained therein, stating:

15         Judicial notice and incorporation-by-reference have roles to play at the pleading
           stage.  The overuse and improper application of judicial notice and the
16         incorporation-by-reference doctrine, however, can lead to unintended and harmful
           results. Defendants face an alluring temptation to pile on numerous documents to
17         their motions to dismiss to undermine the complaint, and hopefully dismiss the
           case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve
18         competing theories against the complaint risks premature dismissals of plausible
           claims that may turn out to be valid after discovery.
19

20   899 F.3d at 998-99 (noting a "concerning pattern" of "exploiting [the judicial notice and

21   incorporation by reference doctrines] improperly to defeat what would otherwise constitute

22   adequately stated claims at the pleading stage.").  The Ninth Circuit further warned, "[i]f

23   defendants are permitted to present their own version of the facts at the pleading stage — and

24   district courts accept those facts as uncontroverted and true — it becomes near impossible for

25   even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."  *Id.* at

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 4 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

999 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint need only provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.").

### III.    Plaintiff's Specific Objections

      A.    <u>It Would Be Improper to Take Judicial Notice of Or Incorporate OSHA's Preliminary Findings Letter.</u>

Defendant seeks to improperly influence this Court's review of Plaintiff's SOX claim by attaching to its Motion a November 8, 2002, letter issued by an OSHA Regional Administrator ("Findings Letter") dismissing Plaintiff's OSHA charge as untimely, and repeatedly arguing the preliminary findings should be given precedential value.  *See* RFJN at 3, 6, 7, 10, 11.; *see also* Declaration of Alicia Cobb in Support of Defendant's Motion, Ex. 5.

Where, as here, the Secretary of Labor did not issue a final decision within 180 days of the filing of the complaint,[2] the district court must undertake *de novo* review of the case.  18 U.S.C. § 1514(A)(b)(1)(B).  The "statute expressly requires the district court to consider the merits anew," and "taking steps that, in effect, defer to the agency is in direct conflict with the statute's mandate that the district court consider the issue 'as if it had not been decided previously."  *Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 246 (4th Cir. 2009) (internal quotation omitted)*; see also e.g., Tamosaitis v. URS Inc.*, 781 F.3d 468, 488 (9th Cir. 2015) (extending *Stone's* reasoning to other statutory retaliation claims, and holding "absent a final decision from the agency within the specified period," the employee may file in federal court, "at which point any findings made by the agency have no preclusive effect," and the "proceedings begin anew in district court"); *Bogenschneider v. Kimberly Clark Global Sales, LLC*, 2015 U.S.

---

[2] Plaintiff timely appealed the preliminary findings and subsequently withdrew his complaint (before the Secretary of Labor had issued a final decision, but after 180 days had passed).  AC ¶ 9; *see also Candler v. URS Corp.*, 2013 U.S. Dist. LEXIS 137757, *11, *20 (N.D. Tex. Sept. 25, 2013) (denying motion to dismiss where plaintiff filed "timely objections and appeals").

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 5 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1   Dist. LEXIS 22377, *3-4 (W.D. Wisc. Feb. 25, 2015) ("straightforward application of the

2   statutory text permits plaintiff to litigate his claim in this court without regard to the

3   administrative proceedings.  That should be the end of the matter."); *Quast v. MidAmerican*

4   *Energy Co.*, No. 14 Civ. 00278, 2015 U.S. Dist. LEXIS 180888 at *8, *11 (S.D. Iowa Feb. 4,

5   2015) (holding collateral estoppel does not apply to SOX complaints filed pursuant to 18 U.S.C.

6   § 1514(A)(b)(1)(B)) and rejecting defendant's request to take judicial notice of the

7   administrative record as "inconsistent with the plain language of the statute authorizing *de novo*

8   review by this Court."); *Wong v. CKX, Inc.*, 890 F. Supp. 2d 411, 420 (S.D.N.Y. 2012) (denying

9   motions to dismiss based on the statutory right SOX provides for *de novo* review in federal court

10  absent a final OSHA decision); *Gunderson v. BNSF Ry. Co.*, 29 F. Supp. 3d 1259, 1263 (D.

11  Minn. 2014) (collecting cases).

12       Defendant's end-run around this clearly established law asks the Court to incorporate the

13  Findings Letter by reference (while also referring to OSHA's preliminary findings at least seven

14  times in its Motion).   However, Plaintiff did not attach the OSHA Findings Letter to the AC.

15  Nor did he refer to the document extensively.  Indeed, *the only mention* Plaintiff makes of his

16  administrative charge is in his "Exhaustion of Administrative Remedies" section (AC ¶ 9), which

17  is comprised of a single paragraph informing the Court that his SOX claim was properly

18  exhausted, and he timely appealed OSHA's preliminary findings, before withdrawing his appeal,

19  and receiving an email from an OSHA investigator informing him all conditions had been met

20  for Plaintiff to file a complaint in district court.  *Id.*  Plaintiff makes no mention of the facts

21  presented in his OSHA complaint or the investigator's preliminary findings.

22       Defendant argues the Court should incorporate the Findings Letter by reference simply

23  because the AC references it once.  RFJN at 5.  This is not the standard for incorporation.  The

24  AC does not extensive rely on or refer to the details or conclusions of the OSHA Findings Letter;

25  nor does the Findings Letter form the basis of Plaintiff's claims.  As such, it may not be

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 6 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1 incorporated by reference.  *See, e.g., Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (on

2 12(b)(6) motion, document proffered by defendant must be central to the plaintiff's claim);

3 *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (district court improperly considered

4 exhibits to 12(b)(6) motion because they did not form the basis of the complaint and should not

5 be judicially noticed); *Van Buskirk*, 284 F.3d at 980 (doctrine of "incorporation by reference"

6 applies only to documents referenced extensively in the complaint and accepted by all parties as

7 authentic).

8  It would also be improper under Federal Rule of Evidence 201 for the Court to take

9 judicial notice of the Findings Letter because the facts and conclusions within it (beyond the

10 facts that Plaintiff has alleged) are disputed.  Defendant simply ignores this requirement.  The

11 fact that OSHA issued preliminary findings which Plaintiff *appealed* is not disputed.  The factual

12 and legal basis for the findings *is* disputed, and irrelevant given *de novo* review is required.

13  The cases Defendant cites in support of its request do not help its cause.  *See* RFJN at 2.

14 In *Geary v. Parexel Int'l Corp.*, the plaintiff did not oppose defendant's request for judicial

15 notice and for that reason was granted.  No. 19 Civ. 07322, 2022 U.S. Dist. LEXIS 48669, at *7

16 n.3 (N.D. Cal. Mar. 18, 2022).  In *Fadaie v. Alaska Airlines, Inc.*, the document at issue was

17 plaintiff's OSHA complaint and factual findings offered to prove that his earlier activities were

18 protected and that defendants had no justification for certain adverse employment actions.  293

19 F. Supp.2d 1210, 1214-1215 (W.D. Wash. 2003).  The court held in these circumstances, the two

20 OSHA documents formed the basis of at least some of plaintiff's claims and could be considered

21 under the incorporation by reference doctrine.  *Id.* at 1214.  The court went on to note it could

22 also take judicial notice of the documents, but this *dicta* is simply erroneous and unsupported by

23 any other case in the Ninth Circuit, as evidenced by Defendant's failure to cite one.

24  In *Lee v. City of L.A.*, *infra*, the district court improperly took judicial notice of disputed

25 facts in public records, noting in its analysis that when a court takes judicial notice of another

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 7 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1    court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of

2    the opinion, which is not subject to reasonable dispute over its authenticity."  250 F.3d at 689

3    (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-

4    27 (3rd Cir. 1999); *see also Macias v. Kaplan-Seikmann*, No. 22 Civ. 00280, 2022 U.S. Dist.

5    LEXIS 218629, at *8-9 (D. AZ. Dec. 2, 2022) (court may take judicial notice of fact that the

6    order issued and contained certain findings and conclusions; but may not take judicial notice of

7    facts subject to reasonable dispute); *Lynn v. Tex. E. Transmission, LP*, No. 20 Civ. 377, 2021

8    U.S. Dist. LEXIS 142530, at *11 (E.D.K.Y Jul. 30, 2021) (court took judicial notice of the

9    existence of the NTSB's Preliminary Report, but would not take judicial notice of its contents to

10   prove facts whose accuracy could be reasonably questioned).

11           Here, Plaintiff does not dispute that a preliminary findings letter from OSHA was issued

12   or its authenticity, but disputes *all* of the facts and conclusions *contained in* the Letter.  Thus,

13   judicial notice of the Letter's findings is inappropriate.  If the Court does take judicial notice of

14   the Findings Letter, it should do so without noticing or in any way accepting for the truth its

15   factual findings or holdings.

16           Because the preliminary OSHA Findings Letter is not incorporated in the AC or subject

17   to judicial notice, the Court should strike all of Defendant's arguments based on the Letter in its

18   Motion.  *See* Mot. at 2, 6-7, 10-11.

19           B.      <u>The Court Should Not Take Judicial Notice That Coupang, Inc.'s "Principal Place</u>

20                   <u>of Business" And Its "Headquarters" Were In Seoul, Korea, Until August 2022.</u>

21           Defendant asks the Court to take judicial notice of *facts* contained in SEC filings,

22   specifically that "Coupang, Inc.'s principal place of business was in Seoul, Korea, until on or

23   about August 2022, at which time the headquarters moved to Seattle, Washington, as reflected

24   by Coupang, Inc.'s filings with the Securities and Exchange Commission."  RFJN at 2.   In the

25   first place, neither the Form 8K or 10Q (in which these facts are purportedly stated) aver that

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 8 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Coupang, Inc.'s "principal place of business or headquarters" was in Seoul until August of 2022, rather they reference the location of Coupang, Inc's "principal executive offices." *Id.*[3]  Given the state of international business arrangements and office locations, the location of a company's principal executive offices is not necessarily the same as its "principal place of business." Secondly, since Coupang, LLC became Coupang, Inc. through a public offering in March of 2021, it seems unlikely its principal place of business was not already established in the U.S. at that time.  Thus, this is a disputed fact which can only be resolved through discovery, not on a motion to dismiss through judicial notice.

Although courts have taken judicial notice of SEC filings as publicly available documents whose accuracy cannot reasonably be questioned, those courts generally consider SEC filings "only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); *see also, e.g., Lee*, 250 F.3d at 689 (court may not take judicial notice of a fact that is subject to reasonable dispute); *In re Silver Wheaton Corp. Secs. Litig.*, No. 15 Civ. 5146, 2019 U.S. Dist. LEXIS 59428, at *24 (C.D. Cal. Mar. 25, 2019) (granting request for judicial notice of SEC filings only to the extent the filings "contained certain disclosures" and denying request all other respects); *Shapiro v. Hasbro, Inc.*, No. 15 Civ. 02964, 2016 U.S. Dist. LEXIS 193658, at *11 n.10 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of SEC filings to show a statement was made, but not for the truth of the statement).

Defendant's cited cases do not dictate the outcome here.  In *McDonnell v. AMC Ent. Holdings Inc*., the court took judicial notice of defendant's SEC filings to establish defendant's principal place of business for purposes of a motion *in limine* regarding choice of law issues, but

---

[3] Citing Coupang, Inc., Current Report (Form 8-k) (Aug. 10, 2022), available at https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/1834584/000183458422000054/cpng-20220810.htm; Coupang, Inc., Quarterly Report (Form 10-Q) (Aug. 11, 2022), available at https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/1834584/000183458422000057/cpng-20220630.htm.

1   it appears no dispute existed about that fact.  No. 20 Civ. 5378, 2022 U.S. Dist. LEXIS 143902,

2   at *2 n.2 (S.D.N.Y. Aug. 11, 2022).  Defendant also relies on *F.D.I.C v. Clemenz*, citing its

3   conclusion that "[b]ecause judicial notice of SEC filings is typical, the court will take judicial

4   notice of Exhibits 1, 2, and 11."  No. 13 Civ. 737, 2013 U.S. Dist. LEXIS 169539, *6 (W.D.

5   Wash. Nov. 28, 2013); RFJN at 3.  The *Clemenz* court said it would notice the truth of the

6   statements made in the filings to the extent it takes notice they were the actual statements

7   provided to the SEC.  *Id.* (citing *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F.

8   Supp. 10451059 (N.D. Cal. 2012).  *Clemenz* is an unpublished decision and its reliance on *City

9   of Royal Oak* is unpersuasive because there the court only took judicial notice of the existence of

10  SEC filings to which Plaintiff did not object.  *City of Royal Oak*, 880 F. Supp at 1059.  As to the

11  SEC filings to which the plaintiff in *City of Royal Oak*'s did object (because the defendant

12  sought to introduce them for the truth of the statements asserted therein), the court denied the

13  plaintiff's objections and motion to strike arguments *only because the complaint referenced*

14  *and/or necessarily relied on the documents in question* thus relying on incorporation by

15  reference, *not* judicial notice.  *Id.* at 1059.  Not only was the *Clemenz* holding wrong in that it

16  misconstrued the published case upon which it relies, but it contradicts all of the authority cited

17  by Plaintiff above.

18          Here, the AC does not reference or rely on the SEC filings in any way.  Plaintiff has

19  insufficient information at this point in the litigation to stipulate to the authenticity of

20  Defendant's SEC filings or the accuracy of the statements made therein.  Therefore, Plaintiff (i)

21  objects to the Court taking judicial notice of the 8-K and 10-Q statements, (iii) objects to the

22  Court taking judicial notice of the particular statements in those documents that Defendant

23  identifies (RFJN at 2-3); and (iii) moves to strike the arguments in Defendant's Motion based

24  upon those statements.  *See* Mot. at 6-7, 16.

25

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 10 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1

2

C.      <u>The Court Should Not Take Judicial Notice That Coupang Inc. Was Not Registered To Do Business In The State Of Washington Until October 21, 2022</u>

3

Defendant asks the Court to take judicial notice that Coupang, Inc. was not registered to

4

do business in the state of Washington until October 21, 2022, based on a Certificate of

5

Registration To Do Business in Washington.  RFJN at 3.  Plaintiff does not dispute the

6

authenticity of the Certificate, but does dispute the accuracy of the conclusion Defendant draws

7

from it, as nothing on the Certificate shows it was the first such Certificate filed with

8

Washington State and the Secretary of State's website is unclear as to whether October 21, 2022,

9

was the formation date or merely one Registration Date.  Since Plaintiff reasonably disputes the

10

fact (as opposed to the document) of which Defendant seeks judicial notice, the Court should

11

reject judicial notice and strike Defendant's arguments in its Motion based on this proffered fact.

12

*See* Mot. at 8, 12-13.

13

D.      <u>The Court Should Not Incorporate The "Draft Mutual Separation Agreement"</u>

14

Defendant argues the Court should consider the Draft Mutual Separation Agreement as

15

incorporated by reference because the AC contains several brief references to it.  RFJN at 5-6.

16

Plaintiff alleges Defendant sent him a separation agreement that included a condition he resign

17

his employment by December 31, 2021.  AC ¶ 38.  Plaintiff does not attach the document, does

18

not rely on it extensively, and it does not form the basis of Plaintiff's claim.  *See Marder*, 450

19

F.3d at 448; *Ritchie*, 342 F.3d at 908; *Van Buskirk.* 284 F.3d at 980.  Indeed, Plaintiff mentions it

20

there only to preface the following point that "although Coupang was contemplating trying to

21

force Mr. Smith into a separation of employment by the end of the year, as of September 9, 2021,

22

there had not been any form of separation."  AC ¶ 38.  Plaintiff further notes he did not sign the

23

separation agreement and his employment benefits continued beyond the December 31 cutoff

24

proposed in the draft agreement.  *Id.* ¶¶ 39, 47.  These brief references are not central to his

25

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 11 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

allegations and not sufficiently significant to warrant incorporation of the entire highly detailed seven-page document.

Plaintiff moves to strike any arguments in Defendant's Motion based upon information from the Draft Mutual Separation Agreement beyond the brief references in the AC.  *See* Mot. at 5-6, 10.

E. The Court May Not Incorporate Plaintiff's Korean Counsel's Letter

The Court should reject Defendant's request to incorporate by reference the letter from Plaintiff's Korean counsel, dated September 14, 2021.  It is mentioned only twice in the AC related to Plaintiff complaining about whistleblower retaliation at that time.  AC ¶¶ 39-40.  The letter is not central to Plaintiff's claims.  Further, there is no evidence Mr. Smith adopted or approved of the hearsay statements contained in the lengthy letter, and thus the statements in the letter may not be accepted for their truth, particularly on a motion to dismiss.  Plaintiff moves to strike any arguments in Defendant's Motion based upon information from the September 14 letter.  *See* Mot. at 4, 6.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's requests to take judicial notice of (1) the preliminary OSHA Findings Letter, (2) that Coupang, Inc.'s "principal place of business" and its "headquarters" was in Korea until August 2022, and (3) that Coupang, Inc. was not registered to do business in the State of Washington until October 21, 2022; and further that the Court deny Defendant's request to incorporate by reference (4) the Draft Mutual Separation Agreement, and (5) the letter from Plaintiff's Korean Counsel. Plaintiff also respectfully requests the Court strike Defendant's arguments in the Motion based on these facts and documents, specifically:

- OSHA Preliminary Findings Letter (*see* Mot. at 2:7-8; 6:20-7:2; 10:3-5; 11:4-5);

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 12 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

- Coupang, Inc.'s "principal place of business" and its "headquarters" were in Seoul, Korea until August 2022 (*see id.* at 6:9-11; 7:4-8; 16:23-26);

- Coupang, Inc. not registered to do business in Washington until October 21, 2022 (*see id.* at 8:1-24; 12:26-13:6);

- Draft Mutual Separation Agreement (*see id.* at 5:21-6:6; 10:6-10); and

- Letter from Plaintiff's Korean Counsel (*see id.* at 4:16-19; 6:7-16).

Respectfully submitted,

Dated:   April 8, 2024

By:   /s/ *Cassandra Lenning*
Cassandra Lenning (WSBA #54336)
Jennifer Schwartz*
**OUTTEN & GOLDEN LLP**
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800
Email: clenning@outtengolden.com
Email: jschwartz@outtengolden.com

Kendall Onyendu*
**OUTTEN & GOLDEN LLP**
685 3rd Ave, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Email: konyendu@outtengolden.com

Michael C. Subit (WSBA #29189)
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: (206) 682-6177
Email: msubit@frankfreed.com

*admitted *pro hac vice*

*Attorneys for Plaintiff*

OBJECTIONS TO DEF'S REQUEST FOR JUDICAL
NOTICE AND INCORPORATION BY REFERENCE
Case No. 23-1887
Page 13 of 13

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800