Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILIP SMITH,

    Plaintiff,

vs.

COUPANG, INC.,

    Defendant.

Case No. 2:23-cv-01887-RAJ

**DEFENDANT COUPANG, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE CORRECTED AMENDED COMPLAINT**

NOTING DATE:  April 19, 2024

Opp. To Mot. For Leave To Amend. Compl.
(Case No. 23-cv-1887-RAJ)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................3

LEGAL STANDARD..............................................................................................7

ARGUMENT ..........................................................................................................8

CONCLUSION .....................................................................................................12

Opp. To Mot. For Leave To Amend. Compl.
(Case No. 23-cv-1887-RAJ) - i

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Benko v. Quality Loan Serv. Corp.*,
    789 F.3d 1111 (9th Cir. 2015) ...................................................................................................7

*Carnero v. Bos. Sci. Corp.*,
    433 F.3d 1 (1st Cir. 2006) .........................................................................................................9

*Daramola v. Oracle Am. Inc.*,
    2022 WL 2047553 (N.D. Cal. June 7, 2022) ........................................................................8, 9

*Daramola v. Oracle Am., Inc.*,
    92 F.4th 833 (9th Cir. 2024) .....................................................................................................8

*Dfinity U.S. Res. LLC v. Bravick*,
    2023 WL 2717252 (N.D. Cal. Mar. 29, 2023) .......................................................................10

*Elzeftawy v. Pernix Grp., Inc.*,
    477 F. Supp 3d 734 (N.D. Ill. 2020) .......................................................................................10

*English v. Gen. Dynamics Mission Sys., Inc.*,
    808 F. App'x 529 (9th Cir. June 9, 2020) ................................................................................9

*Garvey v. Admin. Rev. Bd., United States Dep't of Lab.*,
    56 F.4th 110 (D.C. Cir. 2022) ..................................................................................................8

*Gravaquick A/S v. Trimble Navigation Int'l Ltd.*,
    323 F.3d 1219 (9th Cir. 2003) ................................................................................................10

*Kant v. Columbia Univ.*,
    2010 WL 807442 (S.D.N.Y. Mar. 9, 2010) ...........................................................................12

*Kearney v. Salomon Smith Barney, Inc.*,
    39 Cal. 4th 95 (2006) ................................................................................................................9

*Leibman v. Prupes*,
    2015 WL 3823954 (C.D. Cal. June 18, 2015) .........................................................................9

*Liu Meng-Lin v. Siemns AG*,
    763 F.3d 175 (2d Cir. 2014) .....................................................................................................9

*North v. Mirra*,
    2014 WL 345303 (W.D. Wash. Jan. 30, 2014) ......................................................................11

Opp. To Mot. For Leave To Amend. Compl.
(Case No. 23-cv-1887-RAJ) - ii

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

*O'Conner v. Uber Techs., Inc.*,
   58 F. Supp. 3d 989 (N.D. Cal. 2014) ..................................................................................10

*Sheeran v. Blyth Shipholding S.A.*,
   2015 WL 9048979 (D.N.J. Dec. 16, 2015) .........................................................................11

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998) ..............................................................................................8

*Ulrich v. Moody's Corp.*,
   2014 WL 12776746 (S.D.N.Y. Mar. 31, 2014) ....................................................................9

*Ulrich v. Moody's Corp.*,
   2014 WL 4977562 (S.D.N.Y. Sept. 30, 2014) ......................................................................9

*Weinberg v. Valeant Pharms. Int'l*,
   2017 WL 6543822 (C.D. Cal. Aug. 10, 2017) ....................................................................10

*Wilson v. Inslee*,
   2022 WL 3094308 (E.D. Wash. Aug. 3, 2022) ...................................................................11

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) ..................................................................................................................7

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.
(Case No. 23-cv-1887-RAJ) - iii

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**INTRODUCTION**

While Plaintiff seeks to characterize his Motion for Leave to File Corrected Amended Complaint ("Motion")[1] as a simple ministerial act to correct "inadvertent" errors, the facts say otherwise. What Plaintiff's Motion fails to say is that, when meeting and conferring over Defendant Coupang, Inc.'s anticipated motion to dismiss the Amended Complaint, counsel informed Plaintiff's counsel that the Amended Complaint improperly identified Coupang Global LLC as Plaintiff's employer and as the predecessor entity to Defendant Coupang, Inc. Rather than heed counsel's warning and immediately seek to file another amended complaint, Plaintiff elected to do nothing, waiting instead until more than a week after Defendant filed its Motion to Dismiss the Amended Complaint before raising the issue and arguing for the first time that the errors were "inadvertent."

Plaintiff's Motion seeks to change six instances in his Amended Complaint in which Plaintiff made allegations specific to "Coupang *Global* LLC." Plaintiff now wishes to delete all explicit references to Coupang Global LLC and refer instead to a completely different entity, "Coupang, LLC." Plaintiff would have the Court believe that these changes are insignificant or slight, but in fact they will result in material changes to the allegations in the Amended Complaint as well as the arguments in Defendant's pending Motion to Dismiss Plaintiff's Amended Complaint. Dkt. 30. Moreover, because a new amended complaint would supersede the existing Amended Complaint, if successful, Plaintiff's Motion would necessitate a further round of pleadings and yet another (a third) Motion to Dismiss.

The first allegation that Plaintiff seeks to change is the new allegation in his Amended Complaint that he was employed by Coupang *Global* LLC ("Coupang Global"), who is not a party to this action. As alleged in his original Complaint (and reflected in his Employment Agreement), he was originally hired by Coupang, LLC (but assigned to work in Korea for a Korean subsidiary,

---

[1] Defendant uses the term "Corrected Amended Complaint" to be consistent with Plaintiff's nomenclature. In actuality, this would be a Second Amended Complaint.

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.  
(Case No. 23-cv-1887-RAJ) - 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP  
1109 First Avenue, Suite 210  
Seattle, Washington 98101  
(206) 905-7000

Coupang Corp.). Coupang Global is a separate subsidiary. The second substantive allegation that Plaintiff seeks to change is his new allegation that Coupang *Global* is the predecessor entity of Defendant. Again, as correctly alleged in his original Complaint, Defendant's predecessor entity is Coupang, LLC.

Completely missing from Plaintiff's Motion is an explanation as to why, after over one year of litigating against Coupang, LLC in an administrative proceeding before the Occupational Safety and Health Administration ("OSHA"), and then bringing his claims in this Court against Defendant, Plaintiff *edited* his existing allegations, to instead allege that Coupang *Global* was his former employer and Defendant's predecessor entity. It strains credulity to believe that after all this time, and after numerous briefs in which Plaintiff identified Coupang LLC, Plaintiff suddenly confused Coupang LLC and Coupang Global. Plaintiff similarly fails to explain why the Amended Complaint misquotes (without acknowledgement) multiple documents in his Amended Complaint to insert "Coupang Global LLC" in place of "Coupang, LLC".

Plaintiff's stated excuse—simple inadvertence—does not adequately explain why or how Plaintiff's Amended Complaint misquotes documents and revises his prior allegations in a manner that contradicted over a year of litigation history, exhibits filed in this action, and Plaintiff's express allegations in his original Complaint. Rather, the more likely explanation is that Plaintiff did so in an attempt to circumvent Defendant's meritorious arguments that Plaintiff, who worked for (and was terminated) in Korea for a Korean subsidiary, and under an employment assignment agreement governed by Korean law, could not bring the claims he brought in this Court, due to an absence of connection to the United States, California, and Washington.

Further, many of the allegations Plaintiff now seeks to "correct" necessarily involved Plaintiff's counsel having *affirmatively edited* existing allegations that previously correctly identified Coupang LLC in the original Complaint, to incorrectly identify Coupang Global in the Amended Complaint. Prior to filing the pending Motion to Dismiss, Defendant's counsel identified these inaccuracies in its meet-and-confer with three of Plaintiff's counsel of record. None of Plaintiff's counsel suggested that they were unaware of or surprised by these inaccuracies,

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.
(Case No. 23-cv-1887-RAJ) - 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

nor did they indicate any intent to fix them.  Defendant then filed its motion to dismiss on March 11, 2024.  Cobb Decl. ¶¶ 2-3; Dkt. 30.  Weeks later, Plaintiff's counsel raised for the first time that they wished to file a "Corrected" Amended Complaint to fix these "inadvertent[]" errors that resulted from "an oversight that did not get caught in the editing process."  Dkt. 35 at 3; Cobb Decl. ¶ 4.

Regardless of the reasons why Plaintiff's Amended Complaint now includes references to Coupang Global, Plaintiff's Motion for Leave to Amend should be denied because the proposed amendment is futile and would be subject to dismissal for the reasons stated in Defendant's pending Motion to Dismiss.  In fact, removing reference to Coupang Global only makes the case for dismissal more compelling because only Coupang Global, and not Defendant or Coupang LLC, had any connection to California or Washington during the relevant time period (albeit not sufficient to warrant application of US or state law).  Absent such a connection, Plaintiff has no basis whatsoever for extraterritorial application of US or state law, and his claims should be dismissed with prejudice.

Because the Corrected Amended Complaint fails, just as the Amended Complaint does, Dkt. 30, the Court should deny this Motion for Leave.

## BACKGROUND

Plaintiff, then a resident of Amsterdam, the Netherlands, was hired in December 2020 by Coupang, LLC (Defendant's predecessor)—Korea's largest e-commerce retailer—to take a role as a Senior Director and Head of Anti-Money Laundering Compliance.  Dkt. 35-1 ¶¶ 10, 18.  Plaintiff moved to and worked in Seoul, under assignment to and paid by Coupang, LLC's Korean subsidiary, Coupang Corp.  *Id*. ¶ 1.  While working in Seoul, Plaintiff allegedly learned that individuals at the Iranian embassy in Seoul made transactions through Coupang.  *Id*. ¶ 25.  Plaintiff contends these purchases violated U.S. and Korean laws prohibiting transactions with the Iranian government, and that he reported this to his superiors.  *Id*. ¶¶ 25, 27, 31.  Plaintiff claims he was thereafter terminated in retaliation for "whistleblowing," in violation of the Sarbanes-Oxley Act ("SOX"), and in violation of California and Washington state laws.  *Id*. ¶¶ 58-94.  Plaintiff also

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.  
(Case No. 23-cv-1887-RAJ) - 3

QUINN EMANUEL URQUHART & SULLIVAN, LLP  
1109 First Avenue, Suite 210  
Seattle, Washington 98101  
(206) 905-7000

brings a claim under California law for breach of the implied covenant of good faith and fair dealing due to his termination. *Id*. ¶¶ 95-104.

The litigation history of this saga begins in September 2021, when Plaintiff alleges Defendant "abruptly forced [Plaintiff] on an administrative leave and cut him off from all Company resources," *id*. ¶ 36, and "sent [Plaintiff] a proposed separation agreement, which included a condition that he resign from his position," *id*. ¶ 38. In response, Plaintiff retained Korean counsel who sent a letter to Coupang, LLC (Defendant's predecessor, then headquartered in Korea) and to its Korean subsidiary Coupang Corp., threatening a lawsuit due to his "constructive termination." Dkt. 31-3 at 4. Almost a year later, Plaintiff brought his OSHA complaint against Coupang, LLC. Dkt. 35-1 ¶ 9. That administrative action culminated in OSHA dismissing Plaintiff's complaint as untimely. Dkt. 31-5; *see also* Dkt. 1 at 9-10, 21 (reflecting OSHA action against "Coupang, LLC"). After failing there, Plaintiff brought his claims here to this Court, filing suit against Coupang, LLC's successor entity, Defendant Coupang, Inc.

Plaintiff's original Complaint alleged he had been hired by Coupang, LLC (as was reflected in his Employment Agreement) and his employment was then assigned to its Korean subsidiary. Dkt. 1 ¶¶ 7, 10, 30; *see also* Dkt. 31-1. And that Complaint correctly alleged that Coupang, LLC is Defendant's predecessor entity. Dkt. 1 ¶¶ 2, 7; *see also* Coupang, Inc., Annual Report (Form 10-K) (Dec. 31, 2021) at https://tinyurl.com/4npp3p42 ("Coupang, Inc. was previously formed as Coupang, LLC…Coupang, LLC converted into a Delaware corporation pursuant to a statutory conversion and changed its name to Coupang, Inc.").

Because Plaintiff could not state a claim, Defendant moved to dismiss the Complaint. Dkt. 22. That motion demonstrated, *inter alia*, that: Plaintiff's SOX claim failed as an improper extraterritorial application of U.S. law because Plaintiff worked in Korea for a Korean subsidiary of a company that was headquartered in Korea, in an employment relationship governed by Korean law, and also that the claim was untimely, and Plaintiff failed to allege activity protected by SOX; Plaintiff's California claims represented an improper extraterritorial application of California law, as Plaintiff failed to allege any relation to California; and Plaintiff's Washington claim was an

Opp. To Mot. For Leave To Amend. Compl.
(Case No. 23-cv-1887-RAJ) - 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

improper extraterritorial application of Washington law, as Plaintiff's claims lacked a Washington connection (neither Defendant nor its predecessor had offices in Washington until after Plaintiff was terminated). *Id*. Rather, Coupang, LLC was incorporated in Delaware, but had its headquarters in Korea, and did not move its principal place of business to Washington, or register to do business in Washington, until well after the events at issue. *Id*. at 6-7.

In response, Plaintiff amended his Complaint. Dkt. 26. But in an attempt to defeat Defendant's extraterritoriality arguments, the Amended Complaint falsely alleged that Plaintiff's employment agreement was not with Coupang, LLC, but with a different entity, Coupang *Global*. *See id*. ¶ 19 (alleging Plaintiff entered his Employment Agreement with "Coupang Global LLC"). To establish the necessary California and Washington connections, Plaintiff alleged that Coupang *Global* had offices in California and Washington in the relevant timeframe, and even attached as exhibits Coupang *Global*'s California and Washington business registrations, in an apparent attempt to impute its California and Washington connections to Defendant. *See* Dkt. 26 ¶¶ 13, 15-16; Dkts. 26-1 and -2. Plaintiff also added other allegations, seemingly about Coupang *Global* employees in California and Washington, again, as if these contacts could be imputed to Defendant, a separate entity. *See, e.g.*, Dkt. 26 ¶ 13 (alleging that Coupang Global registered to do business in California and an unspecified "Coupang" opened offices in California and recruited "senior leadership" who worked in California, "such that key functions and decision-making originated from the U.S."); *id*. ¶ 14 (alleging that "[a]t relevant times, certain members of Coupang's senior leadership, legal and compliance counsel were based in California"); *id*. ¶ 15 (alleging that Coupang Global opened an office in Washington in 2015 and the Head of U.S. Human Resources for an unspecified company "assisted in the process of setting up Seattle's physical office space, where many human resources functions and decisions were based"); *id*. ¶ 16 (alleging that Coupang Global registered to do business in Washington in 2018 and that an unidentified "Coupang" entity has, "upon information and belief," "maintained a presence" in Washington "since at least 2018"); *id*. ¶ 31 (alleging Plaintiff raised the alleged compliance issues with someone "based in Coupang's California office"). In sum, using false allegations, Plaintiff

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.
(Case No. 23-cv-1887-RAJ) - 5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

attempted to impute the California or Washington presence of non-defendant Coupang Global to Defendant, to avoid Defendant's motion to dismiss.

It is hard to understand how these changes could be "inadvertent," as Plaintiff asserts. Mot. 1, 3, 4, 6. Plaintiff (and his current counsel) brought (and litigated) his OSHA complaint against Coupang, LLC—not against Coupang Global. Dkt. 31-5; *see also* Dkt. 1 at 19, 21. Further, Plaintiff alleged in the original Complaint that he was hired by Coupang, LLC (Defendant's predecessor entity), as is reflected in his Employment Agreement. Dkt. 1 ¶ 7 ("Defendant Coupang, Inc. (via the former entity, Coupang, LLC) and Plaintiff Philip Smith entered into an employment agreement…."); *id*. ¶ 10 (Plaintiff took "a role…at Coupang, LLC"); *id*. ¶ 30 (quoting Plaintiff's termination letter with a reference to "Coupang, LLC"); Dkt. 31-1 (employment agreement between Plaintiff and "Coupang, LLC"). Plaintiff's original Complaint also (correctly) identified Defendant's predecessor entity as Coupang, LLC. Dkt. 1 ¶ 2 ("Defendant Coupang, Inc. (formerly Coupang, LLC…)"); *id*. ¶ 7 ("Defendant Coupang, Inc. (via the former entity, Coupang, LLC)….").

But Plaintiff affirmatively *changed* each of these allegations when he filed his Amended Complaint, to substitute "Coupang Global LLC" for "Coupang, LLC." Dkt. 26, Introduction (alleging Plaintiff was "was hired by Coupang Global LLC (Coupang, Inc.'s predecessor company"); *id*. ¶ 2 ("Defendant Coupang, Inc. (formerly Coupang Global LLC…."); *id*. ¶ 10 (alleging that Plaintiff worked "a Senior Director and Head of Anti-Money Laundering Compliance at Coupang Global LLC, now Coupang, Inc."); *id*. ¶ 19 ("Mr. Smith and Defendant Coupang, Inc. (via the former entity, Coupang Global LLC) entered into a detailed employment agreement….").

To top it off, Plaintiff's Amended Complaint *altered quotations in documents*—without attribution of alteration—to insert "Coupang Global LLC" in place of "Coupang, LLC." *Compare* Dkt. 1 ¶ 30 (quoting Plaintiff's termination letter: "pursuant to…an employment agreement entered into by and between you and *Coupang, LLC*" (emphasis added)), *and* Dkt. 31-2 ("pursuant to…employment agreement entered into by and between you and *Coupang, LLC*" (emphasis

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.
(Case No. 23-cv-1887-RAJ) - 6

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

added)), *with* Dkt. 26 ¶ 49 ("pursuant to … an employment agreement entered into by and between you and *Coupang Global LLC* …" (emphasis added)); *and compare* RFJN, Dkt. 32 at 4 (reflecting that Plaintiff's Incentive Plan defines "Company" as "*Coupang, LLC*" (emphasis added)), *with* Dkt. 26 n.4 (quoting Incentive Plan as defining "'Company' as '*Coupang Global LLC* …'" (emphasis added)).

These changes that contradict the original Complaint, Plaintiff's employment agreement, Plaintiff's termination letter, Plaintiff's Incentive Plan, SEC filings, and over a year of prior litigation before OSHA, and which were made to avoid a primary basis for Defendant's motion to dismiss, can hardly be genuinely characterized as "inadvertent."

Despite the foregoing, in Plaintiff's Motion for Leave to Amend, Plaintiff contends that "[u]ntil Defendants filed their Motion [to Dismiss Plaintiff's Amended Complaint], counsel for Plaintiff had not realized that in the processing of amending the original complaint, several references to 'Coupang LLC' inadvertently had been changed to or cited as 'Coupang Global LLC'" and that "[t]his was not an intentional alteration of Plaintiff's allegations, but rather an oversight that did not get caught in the editing process." Dkt. 35 at 2-3.  But, Plaintiff fails to explain why he did not immediately seek leave to amend weeks earlier, when informed of the inaccuracies.

Prior to filing the motion to dismiss the Amended Complaint, Defendant's counsel met-and-conferred with three of Plaintiff's counsel.  During that meeting, Defendant's counsel informed Plaintiff's counsel that Plaintiff's Amended Complaint incorrectly identified Plaintiff's employer as Coupang Global, and incorrectly identified Coupang Global as Defendant's predecessor entity.  None of Plaintiff's counsel suggested that they were unaware of or surprised by these inaccuracies, or that they would seek to correct them.  Cobb Decl. ¶ 3.  Defendant then moved forward with its Motion to Dismiss Plaintiff's Amended Complaint.  Dkt. 30.  Over two weeks later—and only a week before their opposition to that motion was due—Plaintiff's counsel informed Defendant's counsel for the first time that Plaintiff would seek to "correct" the inaccuracies in the Amended Complaint with a "Corrected" Amended Complaint.  Cobb Decl. ¶ 4.

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.
(Case No. 23-cv-1887-RAJ) - 7

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

## LEGAL STANDARD

As relevant here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court has discretion to deny leave to amend due to circumstances such as "undue delay, prejudice, bad faith, or futility." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015).

## ARGUMENT

Plaintiff's Motion for Leave should be denied.

It is well-settled that leave to amend should be denied when amendment would be futile. *See, e.g.*, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). As Defendant argued in its Motion to Dismiss Plaintiff's Amended Complaint, the Court should disregard Plaintiff's allegations incorrectly identifying Coupang Global as Plaintiff's former employer and as Defendant's predecessor. Dkt. 30 at 4, n.2; *id*. at 7-8. Plaintiff's request for leave to amend to fix these errors only confirms this.

If allegations concerning "Coupang Global" are changed back to "Coupang LLC," any sliver of a justification for application of federal or state law would be eliminated and dismissal would be warranted. Plaintiff's Amended Complaint seeks an extraterritorial application of SOX, and of California and Washington law. Specifically, Plaintiff lived and worked in Korea, worked by assignment for and was paid by a Korean subsidiary, his assignment was (by contract) governed by Korean law, the alleged whistleblowing activity occurred in Korea, and he was terminated in Korea. Dkt. 30 at 3-4. SOX does not apply in such circumstances. *Id*. at 11-14; *see also Daramola v. Oracle Am., Inc.*, 92 F.4th 833, 840 (9th Cir. 2024) (requiring that a claimant "demonstrate that the locus of his employment relationship was 'in United States territory'"); *Daramola v. Oracle Am. Inc.*, 2022 WL 2047553, at *2 (N.D. Cal. June 7, 2022) (noting that "the location of the employee's permanent or principal worksite is *the key factor* to consider when deciding whether a [SOX] claim is a domestic or extraterritorial application," and dismissing SOX claim where the plaintiff "lived in Canada at all pertinent times" and was employed by a foreign subsidiary, even though "he communicated with his supervisors and customers [in the U.S.], and on occasion

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.
(Case No. 23-cv-1887-RAJ) - 8

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

traveled within the country" (emphasis added)); *Garvey v. Admin. Rev. Bd., United States Dep't of Lab.*, 56 F.4th 110, 127 (D.C. Cir. 2022) (noting that "[i]n assessing the applicability of [SOX], the locus of an employee's work and the terms of his or her employment contract are critically important," and dismissing SOX claim where the plaintiff's "exclusive place of employment was outside the United States and his contract of employment was governed by the laws of a foreign nation"); *Ulrich v. Moody's Corp.*, 2014 WL 12776746, at *7 (S.D.N.Y. Mar. 31, 2014) (there is "no caselaw applying the anti-retaliation provisions of SOX…to a foreign resident working at a foreign subsidiary of an American corporation and alleging retaliation for protected activity occurring abroad, *even if the alleged retaliation did originate in the United States*." (emphasis added)); *Carnero v. Bos. Sci. Corp.*, 433 F.3d 1, 3 (1st Cir. 2006) (affirming dismissal of SOX claim where the plaintiff's "employment duties were mainly performed outside of the United States").

And Plaintiff's remaining alleged connections to the U.S. are untethered to any of the supposedly wrongful conduct, and are irrelevant. Dkt. 30 at 13; *see also Ulrich v. Moody's Corp.*, 2014 WL 4977562, at *8 (S.D.N.Y. Sept. 30, 2014) ("simply alleging that some domestic conduct occurred cannot support a claim of domestic application because it is a rare case of prohibited extraterritorial application that lacks all contact with the territory of the United States" (quoting *Liu Meng-Lin v. Siemns AG*, 763 F.3d 175, 179 (2d Cir. 2014)); *Daramola*, 2022 WL 2047553, at *2-3 ("an adverse action which affected an employee at a principal worksite abroad does not become territorial because the alleged misconduct occurred in the U.S., or because…the alleged retaliatory decision was made in the United States.").

Similarly, Plaintiff never worked or lived in California; he was not employed by a California company; and none of the alleged retaliatory conduct emanated from California. Thus, *even if one were to apply California law* to Plaintiff's claims, that law does not extend to such circumstances. Dkt. 30 at 16-18; *see also English v. Gen. Dynamics Mission Sys., Inc.*, 808 F. App'x 529, 530 (9th Cir. June 9, 2020) (noting that "[t]o avoid an impermissible extraterritorial application of state law, a 'crucial element' of [a plaintiff's] claim must have occurred in

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.  
(Case No. 23-cv-1887-RAJ) - 9

QUINN EMANUEL URQUHART & SULLIVAN, LLP  
1109 First Avenue, Suite 210  
Seattle, Washington 98101  
(206) 905-7000

California," and dismissing a California WPA claim where the plaintiff "experienced harassment and a hostile work environment in Colorado and the termination decision was made in Georgia and North Carolina" (citing *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 119 (2006))); *Leibman v. Prupes*, 2015 WL 3823954, at *7 (C.D. Cal. June 18, 2015) ("None of the statutory language indicates that it was intended to apply extraterritorially, and as such, 'the presumption against extraterritoriality applies to [the California WPA] in full force.'") (citation omitted); *Weinberg v. Valeant Pharms. Int'l*, 2017 WL 6543822, at *6 (C.D. Cal. Aug. 10, 2017) (dismissing California WPA claim where the plaintiff "never lived in California or travelled to California for business" and did not "allege that any retaliatory decision-making occurred in California"); *Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp 3d 734, 783 (N.D. Ill. 2020) (dismissing claim where plaintiff "failed to plausibly connect either his place of employment or [the defendant's] alleged unlawful retaliation to California"); *Gravaquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1223 (9th Cir. 2003) ("When a law contains geographical limitations on its application, … courts will not apply it to parties falling outside those limitations, *even if the parties stipulate that the law should apply*." (emphasis added, citations omitted)); *Dfinity U.S. Res. LLC v. Bravick*, 2023 WL 2717252, at *4 (N.D. Cal. Mar. 29, 2023) ("The Court agrees with other decisions in this district that have held that a California choice of law clause…incorporates California's presumption against extraterritoriality and consequent implicit geographical limitation"); *O'Conner v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1004-05 (N.D. Cal. 2014) (concluding same).

And even if one were to ignore the choice-of-law provisions in the Employment Agreement and Assignment (which reflect California and Korean choice-of-law terms, respectively), and instead apply Washington law to Plaintiff's claims, Plaintiff's claim under Washington common law would be an unwarranted extraterritorial application of that law where (among other things) Plaintiff was a non-Washington employee of a non-Washington employer. Dkt. 30 at 22-23. The sole remaining alleged connection to Washington is that the person who signed Plaintiff's final termination letter was "based in Washington." Dkt. 35-1 ¶ 16. But that is insufficient. Dkt. 30 at 22-23.

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.  
(Case No. 23-cv-1887-RAJ) - 10

QUINN EMANUEL URQUHART & SULLIVAN, LLP  
1109 First Avenue, Suite 210  
Seattle, Washington 98101  
(206) 905-7000

If Plaintiff had actually been employed by Coupang Global (which was registered to do business in California and Washington), or Coupang Global had actually been Defendant's predecessor, the relevance of these allegations to Plaintiff's SOX, California, and Washington claims might have been more apparent. But in light of Plaintiff's admission that he was not employed by that entity, and that that entity is not Defendant's predecessor but instead a separate subsidiary, there is no basis for application of US law here. Granting leave to amend would only delay the inevitable, by mooting the operative complaint and requiring the parties to go through another round of pleadings.

Further, while Defendant hesitates to attribute bad faith to Plaintiff or his counsel, it is hard to understand how in this case Plaintiff's affirmative (inaccurate) changes to the Amended Complaint, and his misquoting (without acknowledgement) of documents were a result of "an oversight that did not get caught in the editing process." Dkt. 35 at 3. The allegations at issue not only contradict Plaintiff's own original Complaint, Plaintiff's employment agreement, Plaintiff's Incentive Plan, Plaintiff's termination letter, SEC filings, and over a year of prior litigation with OSHA that was against Coupang, LLC (not Coupang Global), they were also made with the specific purpose of defeating the arguments raised in Defendant's motion to dismiss the original Complaint. *See Kant v. Columbia Univ.*, 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (finding bad faith where there were "contradictions between earlier pleadings and a proposed amended pleading," when "determining whether to grant leave to amend, particularly when the proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed").

If Plaintiff's Motion for Leave is granted, Defendant will be forced to move to dismiss for a third time. This would be inefficient, costly, and further delay justice. Nevertheless, if the Court is inclined to grant this Motion, Defendant respectfully requests that the Court reserve its ruling until after ruling on Defendant's pending Motion to Dismiss Plaintiff's Amended Complaint, as the ruling on the pending motion to dismiss may inform the Court's ruling here. Further, to the

OPP. TO MOT. FOR LEAVE TO AMEND. COMPL.
(Case No. 23-cv-1887-RAJ) - 11

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

extent the Court is inclined to grant Plaintiff's request, Defendant requests an opportunity to brief in full a motion to dismiss Plaintiff's Corrected Amended Complaint.

## **CONCLUSION**

For the reasons provided, the Court should deny Plaintiff's Motion for Leave to File Corrected Amended Complaint.

DATED: April 15, 2024

*/s/ Alicia Cobb*
Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel.: (206) 905-7000
Fax: (206) 905-7100
aliciacobb@quinnemanuel.com

Randa A.F. Osman, *pro hac vice*
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Phone (213) 443-3000
Fax (213) 443-3100
randaosman@quinnemanuel.com

Ryan Swindall, *pro hac vice*
1200 Abernathy Road, Suite 1500
Atlanta, GA 30328
Phone (404) 482-3502
Fax (404) 681-8290
ryanswindall@quinnemanuel.com

*Attorneys for Defendant Coupang, Inc.*

Opp. To Mot. For Leave To Amend. Compl.
(Case No. 23-cv-1887-RAJ) - 12

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

**LCR 7 CERTIFICATION**

I certify that this memorandum contains 3,970 words, in compliance with the 4,200 word limit set forth in Local Civil Rule 7.

DATED: April 15, 2024

                                                */s/ Alicia Cobb*
                                               Alicia Cobb, WSBA #48685

Opp. To Mot. For Leave To Amend. Compl.
(Case No. 23-cv-1887-RAJ) - 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

## CERTIFICATE OF SERVICE

I hereby certify that, on April 15, 2024, I caused a true and correct copy of the foregoing to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of record.

DATED April 15, 2024.

/s/  Alicia Cobb
Alicia Cobb, WSBA #48685

Opp. To Mot. For Leave To Amend. Compl.
(Case No. 23-cv-1887-RAJ) - 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000