Hon. Richard A. Jones

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

PHILIP SMITH,

        Plaintiff,

    vs.

COUPANG, INC.,

        Defendant.

Case No. 2:23-cv-01887-RAJ

**DEFENDANT COUPANG, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE**

Defendant Coupang, Inc. hereby replies to Plaintiff's Objections (Dkt. 38, "Objs.") to Defendant's Request for Judicial Notice and Notice of Incorporation by Reference (Dkt. 32, "RJN"), brought pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference. For the reasons provided herein and in the RJN, this Court should consider the documents and factual information set forth in the RJN in connection with Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "AC"), Dkt. 30 ("Mot.").

## ARGUMENT

### I.    SCOPE OF DISPUTE

#### A.    Requests Plaintiff Does Not Contest

Plaintiff does not object to the Court taking judicial notice of the following:

- The facts that no Iranian Embassy was located in the United States at any time relevant to the claims and allegations in its complaint, and further that there has not been an Iranian embassy in the United States since the U.S. and Iran severed relations in April 1980. *See* RJN 1-2; Objs. 1.

- The fact that the Equity Incentive Plan referenced in Paragraph 21, footnote 4 of the Amended Complaint defines "Company" as "Coupang, LLC." *See* RJN 4; Objs. 2.

- The facts that Coupang, LLC is the predecessor entity of Defendant Coupang, Inc, and was a Delaware LLC until March 2021, when it converted into a Delaware Corporation, and changed its name to Coupang, Inc. *See* RJN 3-4; Objs. 2.

- The fact that Coupang Global, LLC is a subsidiary of Coupang, Inc. *See* RJN 4; Objs. 2.

- The fact that Coupang Corp. is a wholly owned subsidiary of Coupang, Inc. and is a Korean Company. *See* RJN 4-5; Objs. 2.

Further, Plaintiff does not object to the Court considering the following in deciding Defendant's Motion to Dismiss Plaintiff's Amended Complaint per the doctrine of incorporation by reference:

- Plaintiff's December 2, 2020 Employment and Assignment Agreement, Dkt. 31-1. *See* RJN 5-6; Objs. 1-2.

- The January 18, 2022 letter terminating Plaintiff's Employment and Assignment Agreement, Dkt. 31-2. *See* RJN 6; Objs. 1-2.

REPLY ISO REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
(Case No. 23-cv-1887-RAJ) - 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Accordingly, Defendant requests that this Court consider each of these facts and documents in connection with its Motion to Dismiss Plaintiff's Amended Complaint.

**B.     Requests to Which Plaintiff Objects**

However, Plaintiff objects to the Court taking judicial notice of the following:

- The facts that Coupang, Inc.'s principal place of business was in Seoul, Korea, until on or about August 2022, at which time the headquarters moved to Seattle, Washington, as reflected by Coupang, Inc.'s filings with the Securities and Exchange Commission.  *See* RJN 2-3; Objs. 3.

- The fact that Coupang, Inc. was not registered to do business in the State of Washington until October 21, 2022.  *See* RJN 3; Objs. 3.

- The November 8, 2023 Occupational Safety and Health Administration ("OSHA") Findings Letter and the facts set forth therein, Dkt. 31-5.  *See* RJN 2; Objs. 3.[1]

Further, Plaintiff also objects to the Court considering the following in deciding Defendant's Motion to Dismiss Plaintiff's Amended Complaint per the doctrine of incorporation by reference:

- The draft Mutual Separation Agreement, dated September 14, 2021, Dkt. 31-4.  *See* RJN 6; Objs. 3.

- Plaintiff's Korean counsel's September 14, 2021 letter, Dkt. 31-3.  *See* RJN 6; Objs. 3.

For the reasons described below, the Court should nevertheless consider these in connection with Defendant's Motion to Dismiss.

**II.     THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE OBJECTED TO FACTS**

***Coupang, Inc.'s Principal Place of Business and Headquarters***.  Plaintiff argues that the Court should not take judicial notice of the facts that Coupang, Inc.'s principal place of business was in Seoul, Korea, until on or about August 2022, at which time the headquarters moved to

---

[1] Defendant withdraws its request for judicial notice of the OSHA Findings Letter and the facts set forth therein.  Although Defendant discusses for background and context purposes the OSHA Findings Letter in its pending motion to dismiss, none of Defendant's arguments in that motion depend in any way upon that letter or the facts set forth therein.

REPLY ISO REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
(Case No. 23-cv-1887-RAJ) - 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

Seattle, Washington, as is reflected by Coupang, Inc.'s filings with the Securities and Exchange Commission.  Objs. 8-10; *but see* RJN 2-3.

*First*, Plaintiff notes that the Form 8-K and 10-Q (which Plaintiff asserts only "purportedly" state these facts) refer to the location of Coupang., Inc.'s "principal executive offices," rather than its "principal place of business."  Objs. 8-9.  But, in addition to the cases Defendant has already cited, RJN 2-3, scores of cases have judicially noticed a company's "principal executive offices" based on SEC filings, with many also determining that those offices constitute its principal place of business.  *See, e.g.*, RJN 2-3 (citing *McDonnell v. AMC Ent. Holdings Inc.*, 2022 WL 3274166, at *1 n.2 (S.D.N.Y. Aug. 11, 2022) (taking judicial notice of principal place of business based on SEC filings)); *Powell v. Delta Airlines*, 145 F. Supp. 3d 189, 198 (E.D.N.Y. 2015) (taking judicial notice of state of incorporation and principal place of business based on SEC filings); *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 421 n.7 (S.D.N.Y. 2009) (taking judicial notice of company information "as documented in...[SEC] filings")); *Haynes v. Take 5 Props. SPV*, 2023 WL 2620904, at *2 n.13 (M.D. La. Mar. 3, 2023) (taking judicial notice of "principal executive offices" as reflected in 10-K filing for purposes of determining residence of entity for diversity purposes); *Mankaruse v. Raytheon Co.*, 2015 WL 6755206, at *2 (C.D. Cal. Nov. 4, 2015) (taking judicial notice of principal executive offices in an "annual [ ] SEC filing" and then finding this is the company's principal place of business); *Tepper v. Amos Fin., LLC*, 2017 WL 3446886, at *6 n.1 (E.D. Pa. Aug. 9, 2017) (taking judicial notice of principal executive offices based on 10-K filing).

*Second*, Plaintiff muses that it "seems unlikely" that Coupang, Inc.'s principal place of business was not in the U.S. by March 2021, and states that it "has insufficient information at this point in the litigation to stipulate to the authenticity of Defendant's SEC filings or the accuracy of the statements made therein."  Objs. 9-10.  As an initial matter, Plaintiff's position that it is "unlikely" Coupang Inc.'s headquarters were in Korea is puzzling when considering that Plaintiff's own Korean counsel referred in a September 2021 letter—addressed to Defendant in Seoul—to Coupang, Inc.'s "headquarters in Seoul."  Dkt. 31-3 at 2, 4.  But in any event, Plaintiff's

REPLY ISO REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
(Case No. 23-cv-1887-RAJ) - 3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1    "insufficient information…to stipulate" to the authenticity of the documents or these facts is not a
2    basis to deny this request.  Judicial notice is not a matter of stipulation.  The inquiry is whether the
3    fact at issue is "capable of accurate and ready determination by resort to sources whose accuracy
4    cannot reasonably be questioned."  *Pineda v. Wells Fargo Bank, NA*, 695 F. App'x 316, 317 (9th
5    Cir. Aug. 16, 2017) (quoting Fed. R. Evid. 201).  Defendant has shown that it is based on the SEC
6    filings at issue, and Plaintiff has not shown otherwise.

7           Finally, Plaintiff's Objections purport to "move[] to strike" arguments in Defendant's
8    Motion to Dismiss.  Objs. 10.  An objection to a Request for Judicial Notice is not a motion in
9    which to seek relief, and Plaintiff's purported "motion" should be disregarded.  *See* Fed. R. Civ.
10   P. 7(b) (requiring a "motion" for seeking "a court order"); *Erickson v. JPMorgan Chase Bank,*
11   *N.A.*, 2024 WL 841466, at *9, n.8 (W.D. Wash. Feb. 28, 2024) ("Any request for relief in a
12   responsive brief is likewise not properly before the Court." (citing Fed. R. Civ. P. 7(b)(1))).

13          ***Coupang, Inc.'s Registration to Do Business in Washington***.  Plaintiff objects to the
14   Court taking judicial notice of the fact that Coupang, Inc. was not registered to do business in
15   Washington until October 21, 2022, because "nothing on the Certificate shows it was the first such
16   Certificate filed with Washington State and the Secretary of State's website is unclear as to whether
17   October 21, 2022, was the formation date or merely one Registration Date."  Objs. 11.  Plaintiff is
18   wrong on both accounts.

19          The Washington Certificate of Registration for Coupang, Inc. that Defendant attached as
20   an exhibit to its pending motion to dismiss, Dkt. 31-6, was not merely "filed with Washington
21   State"—it was *issued* by Washington State.  *See* Dkt. 31-6.  And it unequivocally provides that the
22   Registration became *effective* on (and was issued on) October 21, 2022.  This is confirmed by the
23   Washington Secretary of State's website, which reflects this Certificate as the first filing for
24   Coupang, Inc. and lists the "Filing Date" of this Certificate as October 21, 2022.  Moreover, the
25   website shows that the "Formation/ Registration Date" of Coupang, Inc. is October 21, 2022.

26          The    website's    "Corporation    Search"    feature    can    be    accessed    at
27   https://tinyurl.com/mr4r8pau.  One then need only search "Coupang, Inc." as the "Business Name"

REPLY ISO REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
(Case No. 23-cv-1887-RAJ) - 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

in the "Corporation Search" feature. In addition to the main page of Coupang, Inc. that will show as a result of the search, which main pages reflects the "Formation/ Registration Date," one can click on the "Filing History" to see the filings for the entity. In short, the information that Defendant requests to be judicially noticed is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Pineda*, 695 F. App'x at 317 (citing Fed. R. Evid. 201).

Plaintiff again purports to move to strike arguments in Defendant's Motion to Dismiss. Objs. 11. Again, this is improper. *See* Fed. R. Civ. P. 7(b); *Erickson*, 2024 WL 841466, at *9, n.8 (citing Fed. R. Civ. P. 7(b)(1)).

## III.   THE COURT SHOULD FIND THAT PLAINTIFF'S KOREAN COUNSEL'S LETTER AND DRAFT MUTUAL SEPARATION AGREEMENT ARE INCORPORATED BY REFERENCE INTO THE AC

As the Court is well-aware, "in order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (cleaned up); *see also Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (recognizing that an exception applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the documents to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of the document in the complaint"). Here, both of the at-issue documents easily fit at least one of these scenarios.

***The Draft Separation Agreement***. In the AC, Plaintiff repeatedly references a draft mutual separation agreement sent by Defendant to Plaintiff. *See* AC ¶¶ 38-39, 47. Plaintiff does not dispute that a true and correct copy of this document was attached to Defendant's Motion. *See* Dkt. 31-4. Rather, Plaintiff argues that the Court should not find that the draft separation agreement referenced in the AC was incorporated into the same because Plaintiff "does not rely

REPLY ISO REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
(Case No. 23-cv-1887-RAJ) - 5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

on it extensively, and it does not form the basis of Plaintiff's claim."  Objs. 11.  Plaintiff's allegations tell a different story.

*First*, Plaintiff explicitly relies upon this separation agreement in an attempt to show that his Sarbanes-Oxley Act ("SOX") claim is timely:

> On or around September 9, 2021, while Mr. Smith was on forced leave, not knowing anything about the status of his employment and experiencing significant emotional distress, Coupang sent Mr. Smith a proposed separation agreement, which included a condition that he resign from his position by December 31, 2021. Thus, while it is clear that Coupang was contemplating trying to force Mr. Smith into a separation of employment by the end of the year, as of September 9, 2021, there had not been any form of separation.

AC ¶ 38; *see also id.* ¶¶ 39, 47.

*Second*, Plaintiff relies upon the receipt of this separation agreement as one of several acts of retaliation seemingly supplying the basis of his claims.  *See* AC ¶¶ 34-38 (alleging Plaintiff was cut out of email discussions at work, then cut off from Company resources, then sent a separation agreement asking that he resign from his position).

Plaintiff cannot have it both ways.  He cannot extensively rely upon a document, deliberately omit the document from the AC, and then argue that the Court cannot consider the document.  This is exactly what this doctrine is designed to prevent.  *Swartz*, 476 F.3d at 763.

Once again, Plaintiff's Objections purport to "move[] to strike" arguments in Defendant's Motion to Dismiss "based upon information from the Draft Mutual Separation Agreement."  Objs. 12.  Again, an objection to a Request for Judicial Notice is not a motion in which to seek relief, and Plaintiff's purported "motion" should be disregarded.  *See* Fed. R. Civ. P. 7(b); *Erickson,* 2024 WL 841466, at *9 n.8 (citing Fed. R. Civ. P. 7(b)).  But in any event, none of the arguments in Defendant's Motion to Dismiss rely solely upon the separation agreement.  Rather, they can stand on the basis of Plaintiff's own allegations that he received a draft separation agreement, and there is thus no basis on which to "strike" these arguments.

***Plaintiff's Korean Counsel's Letter***.  Here, the AC explicitly incorporates the letter by Plaintiff's "Korean legal counsel, who wrote to Coupang on September 14, 2021, outlining

REPLY ISO REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
(Case No. 23-cv-1887-RAJ) - 6

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1   [Plaintiff]'s corporate whistleblower reports and setting forth his complaints of whistleblower

2   retaliation."   AC ¶ 39.   Indeed, Plaintiff later relies upon this letter again and its raising of

3   whistleblower allegations to support his claims.  *Id*. ¶ 43.  Plaintiff does not contest the authenticity

4   of this document, which is attached to Defendant's Motion to Dismiss.  *See* Dkt. 31-3.

5        Plaintiff's primary objection is that "there is no evidence Mr. Smith adopted or approved

6   of the hearsay statements contained in the lengthy letter, and thus the statements in the letter may

7   not be accepted for their truth, particularly on a motion to dismiss."  Objs. 12.  But this is not a

8   valid objection at this stage.  *See, e.g.*, *London v. Heh*, 2024 WL 1331949, at *4 n.4 (D. Haw. Mar.

9   27, 2024) ("Insofar as the City contends such articles are inadmissible hearsay, the Court notes

10  that 'to the extent they were incorporated by reference in the complaint, the [articles] are not

11  evidence, but allegations.'" (quoting *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104,

12  1119 (C.D. Cal. 2015))); *Crowder v. Wilbur (In re Wilbur)*, 574 B.R. 782, 794-95 (Bankr. N.D.

13  Ga. 2017) ("With respect to Defendant's argument that the Complaint relies on hearsay, such

14  considerations are not applicable on a motion to dismiss for failure to state a claim.").

15       In any event, this letter is not hearsay.  It is an admission of a party opponent via their

16  agent, *see* Fed. R. Evid. 801(d)(2)(D), and is not used for the truth of the matters asserted.  For

17  example, the letter is not used to show that Plaintiff was in fact "constructive[ly] terminated,"

18  Dkt. 31-1 at 4, or in fact had a viable SOX claim, but to show that Plaintiff had (or reasonably

19  should have had) knowledge of Defendant's decision to terminate him, thereby triggering the

20  statute of limitations for any SOX claim. Mot. 9-11.

21       Plaintiff also argues that "[t]he letter is not central to Plaintiff's claims."  Objs. 12.  But

22  this requirement that the Ninth Circuit has *sometimes* recognized is easily met.  This document

23  goes to the heart of the timeliness of Plaintiff's SOX claim, i.e., "when the employee knew, or

24  reasonably should have known, that the adverse employment decision had been made."  *Clark v.*

25  *Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988); *see also* Mot. 9-11.  And Plaintiff again purports

26  to move to strike arguments in Defendant's Motion to Dismiss.  Objs. 12.  Again, this is improper.

27  *See* Fed. R. Civ. P. 7(b); *Erickson,* 2024 WL 841466, at *9, n.8 (citing Fed. R. Civ. P. 7(b)(1)).

REPLY ISO REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
(Case No. 23-cv-1887-RAJ) - 7

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Finally, Plaintiff affirmatively relies upon the letter, as set forth above, for his claim's survival.  Again, Plaintiff cannot have it both ways by materially and extensively relying upon a document but then deliberately omitting the document as an exhibit.  *Swartz*, 476 F.3d at 763.

DATED: April 19, 2024

/s/ *Alicia Cobb*
Alicia Cobb, WSBA #48685
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
Tel.: (206) 905-7000
Fax: (206) 905-7100
aliciacobb@quinnemanuel.com

Randa A.F. Osman, *pro hac vice*
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Phone (213) 443-3000
Fax (213) 443-3100
randaosman@quinnemanuel.com

Ryan Swindall, *pro hac vice*
1200 Abernathy Road, Suite 1500
Atlanta, GA 30328
Phone (404) 482-3502
Fax (404) 681-8290
ryanswindall@quinnemanuel.com

*Attorneys for Defendant Coupang, Inc.*

REPLY ISO REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
(Case No. 23-cv-1887-RAJ) - 8

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000

1

## <u>CERTIFICATE OF SERVICE</u>

2

3      I hereby certify that, on April 19, 2024, I caused a true and correct copy of the foregoing

4      to be filed in this Court's CM/ECF system, which sent notification of such filing to counsel of

5      record.

6      DATED April 19, 2024.

7

8                                                    */s/  Alicia Cobb*
       Alicia Cobb, WSBA #48685

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

REPLY ISO REQUEST FOR JUDICIAL NOTICE AND
NOTICE OF INCORPORATION BY REFERENCE
(Case No. 23-cv-1887-RAJ) - 9

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101
(206) 905-7000