1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Hon. Richard A. Jones

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| PHILIP SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>COUPANG INC. and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 23-1887<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THE CORRECTED AMENDED COMPLAINT**<br><br>NOTING DATE: April 19, 2024 |

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 3

FACTUAL AND PROCEDURAL BACKGROUND .......................................................... 3

LEGAL STANDARD .......................................................................................................... 6

ARGUMENT ....................................................................................................................... 6

CONCLUSION .................................................................................................................... 8

PLTF'S REPLY ISO MOT. FOR LEAVE
TO FILE CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 2 of 9

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1

### INTRODUCTION

2      Defendant's inscrutable, protracted opposition to Plaintiff's simple motion for leave to

3 amend in order to correct six instances where Plaintiff inadvertently referred to "Coupang LLC"

4 (Plaintiff's former employer) as "Coupang Global LLC" (a related corporate entity) argues leave

5 should be denied because Plaintiff has maliciously and intentionally acted in bad faith and

6 granting leave would cause unnecessary delay.  As set forth in Plaintiff's counsel's declarations

7 and the arguments contained herein, Defendant presents no legitimate legal or factual basis as to

8 why leave to amend should be denied other than arguing the motion is made in bad faith, would

9 cause undue delay, prejudice Defendant and is futile.  Exactly the opposite is true here and

10 indeed, the only delay and prejudice has been caused by Defendant's refusal to consent to the

11 simple amendment.

12

### FACTUAL AND PROCEDURAL BACKGROUND

13      Plaintiff Smith – a highly respected attorney with specific expertise in corporate and

14 financial crime compliance, Dkt. 26, ¶ 10, – brought this case against his former employer,

15 Coupang Inc. ("Coupang").  While working on assignment in Korea under a California

16 employment contract, Mr. Smith learned that Coupang was not in compliance with multiple U.S.

17 laws, rules, and regulations, and alerted company executives and leadership in the United States

18 to these violations.  *Id.*  Thereafter, Coupang retaliated against Mr. Smith, ultimately, terminating

19 him.  *Id.*

20      On December 8, 2023, Plaintiff filed a complaint in this matter.  Dkt. 1.  On February 6,

21 2024, Defendants moved to dismiss the Complaint, Dkt. 22, and filed its Request for Judicial

22 Notice and Notice of Incorporation By Reference in Support of its Motion to Dismiss Plaintiff's

23 Complaint.  Dkt. 24.  On February 26, 2024, Plaintiff filed its Opposition to MTD and Request

24 for Judicial Notice and Incorporation By Reference.  Dkt. 25.  On February 26, 2024, Plaintiff

25 filed the Amended Complaint ("AC").  Dkt. 26.

PLTF'S REPLY ISO MOT. FOR LEAVE
TO FILE CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 3 of 9

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

On March 8, 2024, Counsel for the parties met and conferred regarding Defendant's then-anticipated motion to dismiss the AC.  Dkt. 48 ("Lenning Decl."), ¶ 3; Dkt. 49 ("Schwartz Decl."), ¶ 3; Dkt. 50 ("Subit Decl."), ¶ 3.  Ms. Lenning, Mr. Subit and Ms. Onyendu, on behalf of Plaintiff, attended the meet and confer along with Alicia Cobb, Randa Osman, and Ryan Swindall, on behalf of Defendant.  Lenning Decl. ¶ 3; Subit Decl. ¶ 3.  Ms. Lenning and Ms. Onyendu took notes during the conference, which lasted approximately ten minutes.  Lenning Decl. ¶ 3.  Ms. Cobb made a number of points in those ten minutes, including that the new allegations tying the company to California and Washington would not change the Court's analysis because "Coupang Global" was not the employer.  Lenning Decl. ¶¶ 4, 7; Schwartz Decl. ¶ 4; Subit Decl. ¶ 4.  None of the three lawyers for Plaintiff understood Ms. Cobb to be asserting that the AC literally changed identification of Plaintiff's employer from "Coupang LLC" to "Coupang Global LLC."  *This is precisely because counsel was not aware that such change had been made*.  Lenning Decl. ¶¶ 6, 7; Subit Decl. ¶ 4.  Defendant's Counsel did not tell Plaintiff's counsel they believed the errors were bad faith attempts to mislead the Court.  Schwartz Decl. ¶ 6; Lenning Decl. ¶ 9.

On March 11, 2024, Defendant filed its MTD the AC and a related Request for Judicial Notice and Notice of Incorporation by Reference ("Request").  Dkts. 30; 32.  With the consent of Defendant, the Court terminated the pending original Motion to Dismiss as moot.  Dkt. 29.  On March 12, 2024, the day after Defendant filed its MTD and Request, and four days after the meet and confer, Ms. Lenning exhibited COVID symptoms.  Lenning Decl. ¶ 8; Schwartz Decl. ¶ 5.  Given Ms. Lenning's illness, counsel for the parties agreed to a one-week extension of briefing deadlines.  *Ids.*; Dkt. 33.

Upon reviewing the MTD, Plaintiff's counsel realized (for the first time) that in the process of amending the original complaint, a change had inadvertently been made that was not caught in the final editing process; specifically, six references to "Coupang LLC" were

PLTF'S REPLY ISO MOT. FOR LEAVE
TO FILE CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 4 of 9

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

inadvertently changed to "Coupang Global LLC."  Dkts. 35; 35-2, ¶ 2; Schwartz Decl. ¶ 4; Lenning Decl. ¶¶ 2, 7.

Thereafter, Plaintiff's counsel attempted to confer with counsel for Defendant to correct the errors, including a request for Defendant's consent to file a Corrected Amended Complaint. Dkt. 35-2, ¶ 3; Lenning Decl. ¶¶ 8- 9; Schwartz Decl. ¶ 5; Subit Decl. ¶ 6.  On March 26, Plaintiff sent Defendant a draft redline of a corrected Amended Complaint, reflecting a total of six changes to be made, in each instance deleting the word "Global" so the corporate entity at issue was correctly identified as "Coupang LLC."  Dkt. 35-3.[1]

Plaintiff's counsel further communicated with Defendant's counsel regarding its proposed corrections on March 22, March 25, March 26, April 1, and April 2, 2024, but Defendant declined to consent to any proposal presented by Plaintiff.[2]  Schwartz Decl. ¶5; Lenning Decl. ¶¶ 8, 9; Subit Decl. ¶ 6.  In these communications, Defendant characterized its objections to Plaintiff's proposed corrections as stemming from a desire to avoid incurring an additional round of briefing.  Dkt. 35-2, ¶ 14; Schwartz Decl. ¶ 5; Lenning Decl. ¶ 9; Subit Decl. ¶ 6.  Plaintiff's counsel did not state it would make corrections during the conference, and Plaintiff's counsel had no intention at that point of filing a Corrected Amended Complaint, because Plaintiff's counsel did not understand the nature of defense counsel's comments. Lenning Decl. ¶¶ 6-7.

On April 15, 2024, Defendant filed its Opposition to Plaintiff's Motion For Leave to File Corrected Amended Complaint ("Opposition to Mot. For Leave").  Dkt. 42.

---

[1] Defendant wrongly states Plaintiff "wishes to delete *all* explicit references to 'Coupang Global LLC,'" Dkt. 42, 1:13, which is simply not true.  Dkt. 35; Subit Decl. ¶ 6.

[2] Corrections can be found in Plaintiff's Motion for Leave, Dkt. 35: Page 2, line 5: deleting "Global;" Page 3, line 17: (same); Page 5, line 18: (same); Page 8, line 18: (same); Page 9, fn. 4: (same); and Page 17, line 12: (same).

PLTF'S REPLY ISO MOT. FOR LEAVE
TO FILE CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 5 of 9

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that a party may amend its pleading either "with the opposing party's written consent or with the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(20); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.") (internal quotation omitted).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of "amendment."'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v.* Davis, 371 U.S. 178, 182 (1962)).  In exercising its discretion, the Court should be guided by the underlying purpose of Rule 15(a) –"to facilitate decision on the merits rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

**ARGUMENT**

Contrary to Defendant's unsupported assertion, there is no bad faith or dilatory motive on the part of Plaintiff.  Defendant suggests Plaintiff "affirmatively edited existing allegations that previously correctly identified Coupang LLC in the original Complaint" and the "*likely* explanation" for this is "Plaintiff did so in an attempt to circumvent Defendant's meritorious arguments."  Dkt. 42 at 2 (emphasis added).  Conjecture does not make Defendant's theory true.  Indeed, as Plaintiff's declarations make clear, the mistaken changes were not made intentionally, let alone with intent to overcome Defendant's arguments.  No prejudice inured to Defendant as a result of Plaintiff's unintended error and indeed, had Defendant simply agreed not to oppose Plaintiff's efforts to correct them, it could have avoided unnecessary expenditure of time on both sides.

PLTF'S REPLY ISO MOT. FOR LEAVE
TO FILE CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 6 of 9

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Defendant repeatedly states the Motion for Leave was not filed until "weeks after" Defendant filed its MTD as if this were evidence of bad faith, Dkt. 42 at 3, ignoring intervening events, *supra*.  Lenning Decl. ¶¶ 8-9;  Schwartz Decl. ¶ 5; Subit Decl. ¶ 6; Dkt. 33.

Given Plaintiff's rebuffed efforts to correct the record, Defendant cannot establish prejudice (which is the weightiest of the *Foman* factors).[3]  Its half-hearted efforts to do so amount to no more than general, unsupported allegations about inefficiencies, costs, and a further delay of justice.  Dkt. 42 at 11.  Plaintiff's early presentation of the errors issue to opposing counsel and the Court overcomes any argument that Defendant is now forced to articulate an entirely new defense and indeed, Defendant has asserted that the Corrected Amended Complaint strengthens its argument.  *Id.* at 3, 8-11.

Defendant does not specifically argue undue delay in Plaintiff's filing of its Motion for Leave to Amend and rightly so, as none exists.  Moreover, "leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party."  *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981).  Considering intervening events, *supra*, Plaintiff moved without delay to correct the errors and there has been no impact on the timing of the Court's review of these issues.  Indeed, no new briefing is warranted because Plaintiff's arguments in its Opposition to MTD *assume the corrections have been made*.  Schwartz Decl. ¶ 5.  Defendant's MTD is clearly based on the correct entities and entity names, thus requiring no further re-hashing of issues.

Defendant argues Plaintiff's Motion for Leave is an exercise in futility because granting leave to amend would only "delay the inevitable."  Dkt. 42, at 11.  This opinion is irrelevant as "a proposed amendment is futile only if no set of facts can be proved under the amendment to the

---

[3] *Eminence Capital, LLC*, 316 F.3d at 1052.

PLTF'S REPLY ISO MOT. FOR LEAVE
TO FILE CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 7 of 9

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

The only case Defendant cites in support of its futility argument, *Kant v. Columbia Univ.*, No. 08 Civ. 7476, 2010 U.S. Dist. LEXIS 21900 (S.D.N.Y. Mar. 9, 2010), is not relevant.  In *Kant*, a pro se plaintiff was denied leave to amend a third complaint after alleging a new inapplicable claim and failed to allege facts relating to an essential element of the claim.  *Id.* at *14.  The *Kant* court also found the pro se plaintiff acted in bad faith when the third amended complaint presented a "radically different" agreement than what was articulated in previous pleadings, and "significantly change[d]" the nature of the allegations.  *Id.* at *17-19.  By contrast, here, an amendment correcting a scrivener's error is a far cry from *radically different* allegations.

## CONCLUSION

For the forgoing reasons, the Court should grant Plaintiff's Motion for Leave to File the Corrected Amended Complaint.

## <u>LOCAL RULE 7(E) CERTIFICATION</u>

I certify that this memorandum contains 1,809 words, in compliance with the Local Civil Rules.

PLTF'S REPLY ISO MOT. FOR LEAVE
TO FILE CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 8 of 9

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

Respectfully submitted,

Dated:    April 19, 2024                    By:    /s/ *Cassandra Lenning*
                                                   Cassandra Lenning (WSBA #54336)
                                                   Jennifer Schwartz*
                                                   **OUTTEN & GOLDEN LLP**
                                                   One California Street, Suite 1250
                                                   San Francisco, CA 94111
                                                   Telephone: (415) 638-8800
                                                   Email: clenning@outtengolden.com
                                                   Email: jschwartz@outtengolden.com

                                                   Michael C. Subit (WSBA #29189)
                                                   **FRANK FREED SUBIT & THOMAS LLP**
                                                   705 Second Avenue, Suite 1200
                                                   Seattle, WA 98104
                                                   Telephone: (206) 682-6177
                                                   Email: msubit@frankfreed.com

                                                   Kendall Onyendu*
                                                   **OUTTEN & GOLDEN LLP**
                                                   685 3rd Ave, 25th Floor
                                                   New York, NY 10017
                                                   Telephone: (212) 245-1000
                                                   Email: konyendu@outtengolden.com

                                                   *admitted *pro hac vice*

                                                   *Attorneys for Plaintiff*

PLTF'S REPLY ISO MOT. FOR LEAVE
TO FILE CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 9 of 9

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800