1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Hon. Richard A. Jones

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

PHILIP SMITH,

                Plaintiff,

      v.

COUPANG INC. and DOES 1-10, inclusive,

                Defendants.

Case No. 23-1887

**DECLARATION OF CASSANDRA LENNING IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE CORRECTED AMENDED COMPLAINT**

I, Cassandra Lenning, hereby state as follows:

1.       I am a Partner with the law firm Outten & Golden LLP, and counsel for Plaintiff Philip Smith in the above-captioned action.  I submit this declaration in support of Plaintiff's Reply in Support of Plaintiff's Motion for Leave to File the Corrected Amended Complaint. Dkt. 47.

2.       As part of Plaintiff's legal team, I reviewed and approved Plaintiff's Amended Complaint prior to filing and did not recognize the errors where "Coupang LLC" was inadvertently referred to as "Coupang Global LLC" in several instances in the Amended Complaint.  Dkt. 26.

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

3.       Counsel for the parties met and conferred via video conference on March 8, 2024 regarding Defendant's Motion to Dismiss Plaintiff's Amended Complaint.  I, along with Michael Subit and Kendall Onyendu, attended the conference on behalf of Plaintiff.  Ryan Swindall, Randa Osman, and Alicia Cobb attended the conference on behalf of Defendant.  The conference lasted less than ten minutes, during which time I, and Ms. Onyendu, took notes on the issues discussed.

4.       Defense counsel raised a number of issues during the March 8 meet and confer. Defense counsel's comments were brief and focused on the new allegations in Plaintiff's Amended Complaint, specifically that Defendant intended to move to dismiss the new contract-based claim and that Plaintiff's Washington state claim would not apply given its reliance on the Sarbanes-Oxley Act ("SOX") as a public policy.  Ms. Cobb further stated Defendant's belief that the new allegations relating to the Company's connection to California and Washington would not change its analysis relating to the extraterritorial conduct of the Company as the allegations primarily related to "Coupang Global," a different entity which was not Plaintiff's employer.

5.       During this meet and confer Defendant's counsel did not assert with any detail or specificity its position that Plaintiff's Amended Complaint departed from previous filings and that the Amended Complaint altered the name of Plaintiff's employer or related language quoted from Plaintiff's employment agreement.  Defendant's counsel did not state Defendant's intent to accuse Plaintiff of intentionally altering names in order to bolster any of its arguments in its Motion to Dismiss the Amended Complaint.  Defendant's counsel made no attempt to solicit Plaintiff's position as to why specific name changes were made or why there was a departure from names used in previous filings.  In short, Defendant did not fully or specifically communicate its objections to the changes or ask Plaintiff to rectify them.

6.       Immediately after the March 8 meet and confer, the three attorneys for Plaintiff discussed the meet and confer, remarked on the brevity of the conference, and based on all

LENNING DECL. ISO MOT. FOR LEAVE TO FILE
CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 2 of 4

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

1    counsel's understanding of Defendant's comments, did not discuss making any corrections to be

2    made to Plaintiff's Amended Complaint.

3            7.        It was not until after I reviewed Defendant's Motion to Dismiss the Amended

4    Complaint ("Motion to Dismiss"), Dkt. 30, that I realized that in the process of making final

5    changes to the Amended Complaint, several references to "Coupang LLC" had been

6    inadvertently changed to "Coupang Global LLC."  This was not an intentional alteration of

7    Plaintiff's allegations (and as repeatedly stated in Plaintiff's Opposition to Defendant's Motion

8    to Dismiss and in the effort to file a Corrected Amended Complaint), certainly not an effort to

9    misrepresent Plaintiff's employment history or the Coupang corporate entities), but rather an

10   oversight that did not get caught in the editing process.  I did not state Plaintiff would make

11   corrections to the Amended Complaint during the March 8 meet and confer, and at that point,

12   had no intention of filing a Corrected Amended Complaint, precisely because I did not

13   understand defense counsel's comments to be about the fact that several references to "Coupang

14   LLC" had been changed to "Coupang Global LLC."

15           8.        I took the lead on organizing the response to Defendant filed its Motion to

16   Dismiss on March 11, 2024.  On March 12, 2024, I started experiencing COVID symptoms and

17   did not begin to recover until approximately one week later.  On March 22, 2024, Ms. Schwartz,

18   counsel for Plaintiff, via email sought Defendant's consent for a one-week extension of time on

19   Plaintiff's Opposition to Defendant's original Motion to Dismiss, to which Defendant agreed,

20   Dkt. 33, and Defendant's consent to file a Corrected Amended Complaint, which Defendant

21   refused.

22           9.        Once I had recovered from COVID, I attempted to work diligently with counsel

23   for Defendant to correct the errors in the Amended Complaint.  Ms. Schwartz and I initiated

24   discussion with Defendant's counsel in order to meet and confer about the issues.  Emails were

25   exchanged on March 22, March 25, March 26, and April 1, and April 2, 2024 in which I

LENNING DECL. ISO MOT. FOR LEAVE TO FILE
CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 3 of 4

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800

identified the six identical corrections we sought to make to change the name "Coupang Global LLC" to "Coupang LLC" and suggested the proper process for correcting them.  Counsel for Defendant refused to consent to the corrections for several reasons, including that the changes were "substantive and material."  Another stated main reason for refusal  was that Defendant did not want to incur an additional round of pleadings and motion to dismiss briefing.  *See* Ex. A.  At no point did counsel for Defendant raise that they considered these errors to be Plaintiff's intentional bad faith attempt at prejudicing Defendant and deceiving the Court.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the forgoing is true and correct.

Executed this 19th day of April, 2024, in Cartagena, Colombia.


/s/ *Cassandra Lenning*

Cassandra Lenning

LENNING DECL. ISO MOT. FOR LEAVE TO FILE
CORRECTED AMENDED COMPLAINT
Case No. 23-1887
Page 4 of 4

**Outten & Golden LLP**
One California Street, Suite 1250
San Francisco, CA 94111
(415) 638-8800