HONORABLE RICHARD A. JONES

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| PHILIP SMITH, | CASE NO.  2:23-cv-01887-RAJ |
| Plaintiff, | **ORDER** |
| v. | |
| COUPANG INC., | |
| Defendant. | |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC")[1] pursuant to Federal Rule of Civil Procedure 15. Dkt. # 35.  Defendant opposes Plaintiff's Motion.  Dkt. # 42.  For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.  Dkt. # 35.

---

[1] Plaintiff's briefing refers to the proposed amended complaint as the "Corrected Amended Complaint," but the Court will refer to it as the "Second Amended Complaint" or "SAC."

## II.   BACKGROUND

Plaintiff filed the Complaint in this matter on December 8, 2023, alleging Defendant Coupang was not in compliance with multiple United States laws, rules, and regulations, including the Sarbanes-Oxley Act of 2002 ("SOX").  *See generally* Dkt. # 1.  On February 6, 2024, Defendants moved to dismiss the Complaint for failure to state a claim.  Dkt. # 22.  Then, on February 26, 2024, Plaintiff filed the First Amended Complaint ("FAC") as a matter of course pursuant to Federal Rule of Civil Procedure 15(1)(B).  Dkt. # 26.  On March 11, 2024, Defendant filed a Motion to Dismiss the FAC.  Dkt. # 30.  Shortly thereafter, Plaintiff sought Defendant's consent to file a corrected complaint, which was refused.  *See* Dkt. # 35 at 3.  On April 4, 2024, Plaintiff filed the instant motion.  Dkt. # 35.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Courts use five factors to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend should be "freely given").  "A proposed amendment is futile 'if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"  *Ralls v. Facebook*, 221 F.Supp.3d

1237, 1245 (W.D. Wash. 2016) (quoting *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988)).  The factors do not carry equal weight, as "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs*, 833 F.2d at 185).  "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187 (citing *Beeck v. Aquaslide 'N' Dive Corp*., 562 F.2d 537, 540 (8th Cir. 1977)).

## IV.   DISCUSSION

Plaintiff asks the Court for leave to file a SAC to correct the name of Defendant from "Coupang Global LLC" to "Coupang LLC" in six instances throughout the pleading.  *See* Dkt. # 35 at 3.  Plaintiff explains the naming of the incorrect corporate entity throughout these six paragraphs of the FAC was an inadvertent typographical error, not an intentional substantive change.  *See id*.

First, Defendant argues that amendment would be futile.  *See* Dkt. # 42 at 11.  Defendant contends that if Plaintiff changes the name of the corporate entity in the amended complaint, then will be no basis for the application of US or state law.  *See id*. at 8-11.  Defendant argues that the extraterritorial application of the law would warrant dismissal.  *See id*.

The Court disagrees that amendment would be futile.  Although SOX's anti-retaliation provisions do not apply extraterritorially, the statute may still apply when there is a "mix of domestic and foreign conduct." *Daramola v. Oracle Am., Inc*., 92 F.4th 833, 839-40 (9th Cir. 2024).  Whether there is sufficient domestic conduct to support the territorial application SOX does not necessarily turn on a single fact, including, where a corporation is registered, the company's predecessor history, or where the whistleblower lived or worked.  *See e.g., Prout v. Vladeck*, 316 F. Supp. 3d 784, 804 (S.D.N.Y. 2018)

(finding sufficient domestic conduct to warrant the application of SOX where plaintiff was a US citizen, working at a Japanese subsidiary of an American company, and was terminated in the United States—even though plaintiff was employed overseas and plaintiff's alleged protected activity and company's retaliation took place outside of the United States); *O'Mahony v. Accenture Ltd.*, 537 F. Supp. 2d 506, 510 (S.D.N.Y. 2008) (finding the territorial application of SOX appropriate where an Irish citizen was employed in France and alleged the Global Business Director of Operations located in New York retaliated against her). Therefore, the Court is not persuaded that the proposed changes would be futile and automatically require the Court to dismiss the matter if Plaintiff makes the proposed amendments.

Defendant also argues that amendment would be "inefficient, costly, and further delay justice" and suggests Plaintiff acted in bad faith. *Id.* Defendant maintains the changing of the entity name was raised during meet and confers prior to the filing of the motion to dismiss and should have been addressed earlier. *See id.* at 7 (citing Cobb Decl. ¶¶ 3-4). However, Plaintiff's counsel disputes the defense's characterization of that conversation at the meeting. *See* Dkt. # 47 (citing Lenning Decl.).

The Court finds that Defendant has not demonstrated that Plaintiff seeks leave to amend the complaint in bad faith; nor does Defendant meet the burden of showing that amendment will be prejudicial. *See generally* Dkt. # 42. As Defendant cannot demonstrate prejudice, the factor that carries the most weight, the Court will permit Plaintiff to make the proposed changes and file an amended complaint.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint.   Dkt. # 35.   The Court **DENIES** as moot Defendant Coupang's Motion to Dismiss.   Dkt. # 30.   Plaintiff may file a Second Amended Complaint within 7 days of this decision.   Furthermore, Defendant may file a motion to dismiss within 30 days of this decision.

Dated this 11th day of July, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER - 5