HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILIP SMITH, | Case No. 2:23-cv-01887-RAJ |
| Plaintiff, | ORDER |
| v. | |
| COUPANG, INC., | |
| Defendant. | |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant Coupang, Inc.'s Motion to Bifurcate, Dkt. # 90, and Motion for Protective Order Staying Discovery Pending Motion to Dismiss Ruling, Dkt. # 108. The Court has reviewed the motions, the submissions in support of and in opposition to the motions, and the balance of the record. Coupang requested oral argument on its bifurcation motion, but the Court finds oral argument is unnecessary. For the reasons set forth below, the Court **DENIES** both motions.

## II.    BACKGROUND

Plaintiff Philip Smith, a former senior director of Defendant Coupang's anti-money laundering compliance team, alleges Coupang terminated him in retaliation for

ORDER - 1

raising protected whistleblower complaints. Following the Court's order on Coupang's motion to dismiss the second amended complaint, two claims remain: a Sarbanes-Oxley Act ("SOX") whistleblower retaliation claim and a Washington wrongful termination claim. Dkt. # 74. One issue in this case—and the basis of Coupang's bifurcation motion—is whether Mr. Smith's SOX claim is barred by the applicable statute of limitations. Dkt. # 90 at 2. This in turn depends on whether Coupang communicated its termination decision to Mr. Smith prior to January 16, 2022. *Id.* The Court previously denied Coupang's motion to dismiss on statute of limitations grounds. Dkt. # 74 at 10. It found "[t]here is substantial conduct alleged in the Complaint that demonstrates that any adverse action taken against the employee was initially unclear in September 2021 when the company placed Smith on administrative lead, and termination was only unquestionably communicated by the formal termination letter on January 18, 2022." *Id*.

During discovery, Mr. Smith disclosed he began working for a new employer on January 3, 2022. Dkt. # 106 at 2. At Coupang's insistence, Mr. Smith filed a third amended complaint to add this new fact, and Coupang again moved to dismiss, arguing that this is a "disposition-altering allegation." *Id.* Coupang argues this newly discovered fact "confirms that Plaintiff understood Coupang had communicated a decision to terminate" him prior to January 16, 2022. *Id.* at 3. In addition to the motion to dismiss, Coupang also filed the motion to bifurcate and motion to stay discovery currently before the Court. Dkts. # 90, 108.

### III.    MOTION TO BIFURCATE

Bifurcation "'is the exception rather than the rule of normal trial procedure' within the Ninth Circuit." *Medtronic Minimed Inc. v. Animas Corp.*, No. 12-cv-4471, 2013 WL 3233341, at *2 (C.D. Cal. June 25, 2013) (quoting *Clark v. IRS*, 772 F. Supp. 2d 1265, 1269 (D. Haw. 2009)). "Parties requesting bifurcation of discovery have the burden of

proving that bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *City of Sacramento v. Wells Fargo & Co.*, No. 18-cv-416, 2020 WL 6787134, at *2 (E.D. Cal. Oct. 9, 2020). "Courts consider several factors in determining whether bifurcation is appropriate, including separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties." *Laatz v. Zazzle, Inc.*, No. 22-cv-4844, 2023 WL 8851631, at *2 (N.D. Cal. Dec. 21, 2023) (quoting *McDermott v. Potter*, No. 07-cv-6300, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010)).[1]

The Court declines to allow bifurcated pre-trial proceedings in this case. At this stage, the Court takes no position regarding whether Coupang is likely to succeed on its renewed statute of limitations argument on its pending motion to dismiss or in a later summary judgment motion. It notes, however, that it previously denied Coupang's motion to dismiss on this issue. Dkt. # 74. In addition, even if the SOX claim is determined time-barred, the parties dispute whether that dismissal will resolve Mr. Smith's Washington law claim. Dkt. # 90 at 7–9; Dkt. # 103 at 11. Given the uncertainty on these issues, the Court cannot say that bifurcating discovery will promote efficient resolution of this case. In addition, while statute of limitations is a distinct issue, discovery on the topic will involve many of the same documents and witnesses as discovery on the merits of Mr. Smith's claims. Bifurcation may lead to additional discovery disputes regarding what is properly within the scope of phase one of discovery, as well as repeat depositions of the same witnesses if Coupang's statute of limitations

---

[1] This Court has previously expressed its reluctance to bifurcate pre-trial proceedings in civil cases. *See CRS, LLC v. Valve Corp.*, No. 08-cv-361, 2008 WL 11343649, at *1 (W.D. Wash. Aug. 1, 2008) ("Discovery that is solely relevant to one issue is rare, and the court is reluctant to encourage the parties to expend resources arguing over whether the discovery one party seeks belongs in one phase of discovery rather than another.").

ORDER - 3

argument is rejected.  Further, the Court does not agree with Coupang's representation that this case is in its early stages.  This case has been open since December 2023, and although much of the case so far has involved motion to dismiss briefing, the parties are now solidly in the discovery phase and the discovery cutoff under the current scheduling order is just four months away.  Dkt. # 80.  Finally, while Coupang raises concerns regarding the scope and complexity of non-bifurcated discovery, those issues may be raised in discovery motions if necessary.

### IV.  MOTION FOR PROTECTIVE ORDER

A district court has broad discretion to control discovery.  *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).  Upon a showing of good cause, the court may limit or deny discovery.  Fed. R. Civ. P. 26(c).  "A court may relieve a party from the burdens of discovery while a dispositive motion is pending, but this is the exception and not the rule." *Nw. Immigration Rights Project v. Sessions*, No. 17-cv-716, 2017 WL 11428870, at *1 (W.D. Wash. Sept. 18, 2017). "A party seeking to stay discovery bears a heavy burden to make a strong showing of why discovery should be denied." *Wilmington Tr. Co. v. Boeing Co.*, No. 20-cv-402, 2020 WL 6060434, at *1 (W.D. Wash. Oct. 14, 2020) (citation and internal quotation marks omitted).  "Neither the mere existence of a potentially dispositive motion, nor mere inconvenience and expense suffice to establish good cause for a stay." *Id.*

"The Ninth Circuit does not appear to have set forth any rules or standards governing such stays of discovery." *Hold Sec. LLC v. Microsoft Corp.*, No. 23-cv-899, 2023 WL 7920434, at *1 (W.D. Wash. Nov. 16, 2023). "As a result, courts often examine the nature of the pending Rule 12(b) motion to determine whether a stay of discovery is appropriate." *Id.*  Some courts have noted a stay is appropriate when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Id.* (quoting

ORDER - 4

*Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)). Courts also consider "whether the motion involves pure questions of law that are dispositive—such as subject matter jurisdiction or immunity—rather than fact-intensive inquiries that might be resolved by further discovery." *Id.* (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).[2]

As stated above, the Court takes no position regarding the likely success of the pending motion to dismiss. Based on a preliminary review, however, the Court is not "convinced" that the case must be dismissed and instead finds a "thorough analysis of the parties' arguments in relation to the motion to dismiss is necessary." *Wilmington*, 2020 WL 6060434, at *2. This does not weigh in favor of a stay. *Id.* Moreover, the statute of limitations dispute does not involve pure questions of law. Indeed, Coupang's own motion for bifurcation acknowledges some further limited discovery could be necessary. This again does not weigh in favor of a stay. Finally, as noted above, the parties dispute whether a finding that the SOX claim is barred by the statute of limitations will also dispose of the Washington law claim, and thus resolve the entire case. Considering these factors together, the Court does not find Coupang has met its burden of showing this case is the exception to the general rule that discovery should proceed while a dispositive motion is pending.

//

//

//

---

[2] Both parties cite the following test applied by some district courts in this circuit: (1) whether the pending motion could dispose of the entire case; and (2) whether the motion could be decided without additional discovery. Dkt. #108 at 7–8; Dkt. # 110 at 5. As one court observed, however, "such a test would seemingly require most Rule 12(b)(6) motions—which generally seek dismissal of a case and require the complaint be taken as true, without additional discovery—to warrant a stay." *Hold*, 2023 WL 7920434, at *2. For this reason, the Court is not inclined to apply this test.

ORDER - 5

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Coupang's Motion to Bifurcate, Dkt. # 90 and Motion for Protective Order Staying Discovery Pending Motion to Dismiss Ruling, Dkt. # 108.

Dated this 2nd day of December, 2025.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge